## COLLINS et al. v. STILGER.   (No. 1504.)

(Court of Civil Appeals of Texas. El Paso. June 7, 1923. Rehearing Denied June 21, 1923.)

**1. Mines and minerals ☞79(1)—Interest in future rentals from oil lease conveyed by deed of oil subject to lease.**

Conveyance of a half undivided interest in the oils and minerals in land subject to an oil, gas, and mineral lease, "so that * * * so long as said lease remains in force this conveyance shall * * * assign * * * only an undivided one-half interest in and to all the rights and royalty or royalties accruing by reason of said lease," conveys a half interest in the future rentals or semiannual payments required by the lease for extension of time to begin drilling; there being nothing else to which the term "rights" could apply.

**2. Judgment ☞238—Against only those of grantors receiving and retaining money to which grantee is entitled.**

Though several join in a conveyance of a half interest in the future payments to accrue under an oil lease made by them, judgment in favor of the grantee on account thereof should be only against those grantors receiving and retaining the payments.

Appeal from Eastland County Court at Law; J. H. Jones, Judge.

Action by A. E. Stilger against G. N. Collins and others. Judgment for plaintiff, and defendants appeal. Reformed and affirmed.

Conner & McRae, of Eastland, for appellants.

Carl P. Springer, of Eastland, for appellee.

HARPER, C. J. This suit grew out of the following conveyances, quoting the parts pertinent to the points at issue:

"G. N. Collins and wife, Frankie Collins, in consideration of $110.00 to us paid by W. H. Roeser, have granted, sold and conveyed all the oil, gas and other minerals in and under the following lands [description 220 acres] together with the right to enter thereon, open mines, drill wells, lay pipes and erect all structures and appliances necessary or convenient in searching for, producing, caring for, storing and removing oil and gas," etc.

"To have and to hold unto the said Roeser, heirs, executors and administrators, successors or assigns for the term of five years from the date hereon, and for such other time as minerals may be produced," etc.

"Provided, however, that this grant shall become void unless the grantee shall begin the drilling of a well on said land or failing to do so shall thereafter pay to the grantor $55.00 on or before the beginning of each six months until a well shall be begun," etc.

"If the estate of either party hereto is assigned, and the privilege of assigning, in whole or in part, is expressly allowed, the covenants hereof shall extend to their heirs * * * or assigns."

Dated April 19, 1917. Acknowledged by Collins and wife in due form.

A second conveyance of same date by G. N. Collins and wife and T. J. Collins and wife to Roeser, same provisions in all respects, except the consideration, is $751.50 and conveys tracts of 1503, 32, and 20 acres. Then a conveyance by same grantors to G. C. Warner, same date:

"In consideration of the sum of $9,401.75, cash, have bargained, sold and conveyed and by these presents do bargain, sell and convey and assign with the said G. C. Warner a one-half undivided interest in and to all the oil and minerals in, under and upon that certain tract of land lying and being situated in Eastland county, and now covered by that certain oil and gas and mineral lease hereinafter mentioned.

"To have and to hold the above-described one-half undivided interest in and to said oil * * * in, under and upon said tract of land unto the said G. C. Warner, his heirs and assigns forever, and we do hereby bind ourselves, our heirs and executors and administrators, to warrant and forever defend unto the said Warner * * * all and singular the said one-half interest in the said oil, gas and minerals and one-half interest in the right and the royalties hereinafter mentioned against the claim or claims of any person whomsoever claiming or to claim the same or any part thereof."

"The above sale of oil, gas and minerals is made, however, subject to the terms and conditions of that certain oil and gas lease made by the said G. N. Collins and wife Frankie L. Collins to W. H. Roeser upon the herein described tract of land, dated April 19th, 1917, and recorded in Vol. 96, page 622 of the deed records of Eastland County, Texas, so that in effect so long as said lease shall remain in force this conveyance shall and does sell and convey and assign unto the said G. C. Warner, his heirs and assigns, only an undivided one-half interest in and to all the rights and royalty

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

or royalties accruing by reason of said lease on said 220 acres of land.

"It is expressly understood and agreed that this conveyance does not grant or sell any interest to the fee to the surface of the said tract of land herein described by metes and bounds the said surface shall remain in the possession and ownership of the said grantors herein, subject only to the rights granted to the said W. H. Roeser under the aforesaid lease or to similar rights which may be granted to any subsequent lessee for the purposes of operating on said tract of land for oil, gas and minerals, in the event the present lease on said tract of land should lapse or become void for any reason."

Next, written instrument dated August 20, 1919, duly executed, by G. N. Collins and wife and T. J. Collins, to G. C. Warner, describing several tracts of land, including ones in controversy. In form and substance as the one next above described and copied from. Warner assigned to the plaintiff in this case, Anthony E. Stilger. It was agreed between the parties that no oil or gas well had been drilled, and that the money payments provided for had been paid. Anthony E. Stilger filed this suit to recover the sum of $861.50 as rents collected or as consideration for the extension of time for drilling wells. For cause of action states: That he is the assignee of Warner for value, under the above quoted instruments; that the defendants had collected $861.50 rentals under said leases; that said sum was derived as part of the rights and royalties mentioned in said deeds and were paid as a consideration for the extension of any drilling or development on said land and royalties resulting thereby.

The answer contains general demurrer, general denial, and special answer as follows:

"And defendants further represent and show to the court by special answer herein that if the instrument in writing, under which plaintiff claimed a right to recover a part of the moneys paid to defendants under a certain oil grant of date April 19, 1917, is ambiguous with reference to the intention of the parties at the time of the execution of the same as to whether or not it was intended by defendants to transfer and convey a proportional part of the moneys that were to be thereafter paid under the terms of said grant as aforesaid; that then and in that event these defendants say that at the time of the execution of the instrument in writing, under which plaintiff claimed a right of recovery, it was distinctly understood and agreed by and between the parties to such instrument that all of said moneys that were to be paid in the future under the terms of said original grant bearing date April, 1917, were to be paid to defendants; and that the instrument under which plaintiff claimed was not intended to embrace or include any part of the moneys that were to be paid under said grant or any other grant that might thereafter be made by defendants to any other person, and it was also distinctly understood and agreed by and between the parties to such instrument under which plaintiff claimed at the time of the execution and delivery of the same."

Signed by Conner & McRae, attorneys for defendants.

There is nothing else to show for whom they answered.

The case was tried before the court, no jury, and judgment entered for plaintiff Stilger against G. N., Frankie, T. J., and Elizabeth Collins, jointly and severally, for the sum of $685 with interest; from which an appeal has been perfected by all of the Collinses.

[1] The question is: Did the appellants by the instruments convey an interest in the rentals, or annual payments, for the extension of time to begin drilling?

In Walker v. Ames, 229 S. W. 367, this court held:

"It is well settled that upon a conveyance of the reversion in fee the grantee is entitled to the subsequently accruing rentals unless the grantor expressly reserves the same." Leonard v. Caruthers (Tex. Civ. App.) 236 S. W. 189.

The instrument to Warner conveys the mineral in place forever, subject to the prior conveyance to Roeser. The Roeser conveyance was for a term of five years unless oil or gas, etc., should be discovered in paying quantities, reserving to the grantors "one-eighth of all oil produced," etc. So the Collinses by their deeds conveyed one-half of the whole, which includes a reversionary interest, to Warner, which passed to plaintiff Stilger. At least the latter acquired one-half of all the rights and royalties retained by the Collinses. The term rights could only apply to the semi-annual cash payments required to extend the time for drilling, and one-half of the moneys so derived passed to appellee.

[2] Judgment against the wives was unauthorized in that there is no evidence that any money was paid to them, but it was all paid to G. N. and T. J. Collins. The evidence also shows that the rental on the 220-acre tract was received by G. N. Collins only. The judgment therefore should have been against G. N. Colins solely for this rental and against G. N. and T. J. Collins jointly for the balance.

The judgment to this extent is therefore reformed, and as reformed affirmed.