## WAY v. VENUS.

### No. 2490.

Court of Civil Appeals of Texas. El Paso.

Jan. 22, 1931.

Rehearing Denied Feb. 19, 1931.

L. W. Sandusky and R. H. Ratliff, both of Colorado, Tex., for appellant.

T. R. Smith, of Colorado, Tex. (Garland & Yonge, of Lamesa, of counsel), for appellee.

HIGGINS, J.

By general warranty deeds dated July 7, 1923, R. H. Crump and wife, Lecie Crump, conveyed various tracts of land to appellant Way. The deeds each contain a reservation

which reads: "It is hereby specially understood that the grantors herein reserve unqualifiedly a three-fourths (¾) undivided interest in all minerals of every kind and character, including oil, which may be found in the future on any of the lands described in this deed."

Upon the same date. Crump and wife executed a power of attorney to Way reciting the deeds and reservation and reading further: "And, whereas, in order that it may be convenient to the said C. E. Way to handle the said oil interest to the advantage of both parties, we, R. H. Crump and Lecie Crump, have made, constituted and appointed, and by these presents do make, constitute and appoint C. E. Way our true and lawful attorney for us and in our name, place and stead, giving and granting unto our said attorney full power and authority to lease, let, make contracts of all kinds and character with oil men concerning the development of the said oil and minerals on said lands or land, as the case may be," etc.

Later Way, for himself and as attorney in fact for the Crumps, executed various oil and gas leases upon some of the lands conveyed to him.

One lease has this provision:

"It is understood that C. E. Way and wife, own an undivided one-fourth interest and R. H. Crump owns an undivided three-fourths interest in the land and containing 80 acres, more or less.

"All payments which may fall due under this lease may be made to C. E. Way one-fourth—R. H. Crump ¾, one of the above named lessors, in the manner herein stated."

Other leases contain the same or similar provisions.

It is undisputed that no oil, gas, or other minerals have been found upon any of the lands, but money rentals have been paid by the lessees to Way.

Later R. H. Crump died. This suit is by the appellee Venus, administratrix. of the estate of R. H. Crump, with will annexed, to recover of Way three-fourths of the money rentals collected by him.

Upon trial without a jury judgment was rendered in appellee's favor, less a counterclaim asserted by appellant.

Appellant's propositions assert that, since no oil, gas, or other minerals have been found upon the lands, appellee cannot recover, his contention being that under the reservation in the deeds Crump had no interest in the money rentals. The question presented involves the proper interpretation of the reservation quoted.

If the reservation of the minerals was not absolute but contingent upon the condition that minerals were subsequently found upon the land and reduced to possession, as appellant contends, then it may be Crump had no right to three-fourths of the money rentals. But we do not think this is the proper interpretation to be placed upon the reservation.

The existence of minerals in land is necessarily uncertain in the absence of exploration for and development of minerals therein.

▆▆▆ In our opinion the reservation reserved a present vested interest in the minerals. Such would certainly be its effect if the words, "which may be found in the future," had been omitted, and we regard these words as simply expressive of the uncertainty of the existence of minerals in the land rather than as a conditional reservation.

Whatever doubt may exist as to the effect of the reservation is removed by a consideration of the power of attorney given by the Crumps to Way and the quoted provision in the leases executed by the latter. The power of attorney was executed simultaneously with the deeds and related to the same subject-matter. It was accepted by Way and acted upon by him. By the execution and acceptance of the power of attorney, the parties, we think, evidenced their understanding that Crump reserved a vested and unconditional interest in the minerals. The recitals in the leases executed by Way show that he regarded Crump as owning a three-fourths interest in the minerals and entitled to three-fourths of all payments falling due under such leases. The practical construction thus placed upon the reservation by Way is entitled to great weight in determining its proper interpretation. The construction thus placed upon it is contrary to that now contended for by appellant.

We are, therefore, of the opinion that the reservation in question operated as a severance of a three-fourths interest in the minerals in place and reserved unconditional title thereto in Crump and wife. The parties became tenants in common of the minerals in place. Prairie Oil, etc., v. Allen (C. C. A.) 2 F.(2d) 566, 40 A. L. R. 1389. This being the nature of Crump's title, we think he was entitled to three-fourths of the rents collected by Way. Walker v. Ames (Tex. Civ. App.) 229 S. W. 365; Collins v. Stilger (Tex. Civ. App.) 253 S. W. 572. This difference in the title reserved distinguishes the case from Caruthers v. Leonard (Tex. Com. App.) 254 S. W. 779, and Guess v. Harmonson (Tex. Civ. App.) 4 S.W.(2d) 124.

As indicated above, the court allowed appellant credit for a counterclaim asserted by him in set-off against the plaintiff's demand.

Appellee cross-assigns error to the allowance of this counterclaim, and also complains

that the judgment in her favor is insufficient in amount.

The counterclaim was for expenses incurred by Way in leasing the land and for his services. No evidence was offered in support of the counterclaim, for which reason it was improperly allowed and will be here eliminated.

According to appellant's own testimony, it appears he is liable for a greater sum than was awarded against him. Upon the basis of his testimony, for the year ending August 5, 1928, he is liable for at least $962.25, and, for the year ending August 5, 1929, at least $662.25.

Judgment will be here rendered for said amounts with interest.

Lecie Crump, surviving wife of R. H. Crump, was joined as a party defendant, and judgment rendered against her to the effect that she had no interest in the rentals. She did not appeal. The judgment against her is not disturbed.

Reversed and rendered as above indicated.