AHRENS et al. v. LOWTHER.    (No. 6409.)

(Court of Civil Appeals of Texas. San Antonio. May 19, 1920. Rehearing Denied June 23, 1920.)

**I. Appeal and error ☞733—Assignment· too general for consideration.**

An assignment that court erred in rendering a judgment granting an injunction was too general to be considered.

**2. Appeal and error ☞733—Assignment too general for consideration.**

An assignment that the court erred in not rendering judgment that plaintiff take nothing by her suit, that defendants go hence and recover of plaintiff all costs of suit, was too general to be considered.

**3. Deeds ☞143—Deed did not reserve life estate as matter of law.**

The clause in a deed that grantor was "to continue using said lot as she has always done, ·so long as she may live," did not, as a matter of law, constitute a reservation of a life estate.

**4. Evidence ☞455—Parol evidence held admissible to construe deed.**

Parol evidence was admissible to show the facts and circumstances surrounding the transaction, though subsequent thereto, which tended to show construction placed upon the words "as she has always done," in a reservation in a deed providing that the grantor was "to continue using said lot, as she has always done, ·so long as she may live."

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by Mrs. G. A. Lowther against R. T. Ahrens and another. Judgment for plaintiff, and the defendants appeal. Affirmed.

C. J. Gray and Don A. Bliss, both of San Antonio, for appellants.

West & McMillan, of San Antonio, for appellee.

MOURSUND, J. Mrs. George A. Lowther sued R. T. Ahrens and Annie Ahrens, alleging that on November 28, 1919, and long prior thereto, plaintiff was seized and possessed of a parcel of land, consisting of 50 feet off of the east end of lot 10, new city block 1280, in San Antonio, described by metes and bounds;

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
¹ Rehearing pending.

that she acquired this parcel by devise from her husband, George A. Lowther, to whom it had been conveyed by defendants by a general warranty deed, dated June 6, 1916, by the terms of which Mrs. Ahrens was to have the use of said parcel, as she had always done, as long as she may live; that since such conveyance said parcel of land has been used by defendants in common and together with George A. Lowther and plaintiff, but the lot was never used exclusively by defendants, nor was such use contemplated by the parties to said deed, nor was said lot ever before fenced off nor used exclusively by defendants, or either of them, in the manner they are now doing; that defendants, without plaintiff's consent and over her protests, are building a fence between her homestead property and said lot with intent to exclude her from the use of said lot; that defendants have no right, title, or interest in said lot, save that stipulated in the deed, that is, the right of use by Mrs. Ahrens during her life in common with plaintiff; that the building of the fence will deprive plaintiff of the use and enjoyment of said lot, to which she is entitled as owner, and injure said property and damage plaintiff in the sum of $8,000, and that unless restrained defendants will do plaintiff irreparable injury for which there is no adequate remedy at law.

By trial amendment the prayer was changed so as to ask that defendants be enjoined and restrained from building and maintaining any fence or obstruction across said lot in such manner as to interfere with plaintiff's free use and access to said lot, and from depriving plaintiff of the use and enjoyment of said lot, and from doing any act tending in any manner to interfere with, damage, or injure plaintiff's said lot, privileges, lands, and tenements thereon.

The answer contained two exceptions, both raising the issue that no cause of action was stated. It was then alleged that for many years prior to June 6, 1916, the defendant Annie Ahrens owned the lot described in plaintiff's petition, and the defendant R. T. Ahrens, the husband of Annie Ahrens, occupied and used said lot jointly with his wife; that on said date defendants sold and conveyed to George A. Lowther "an estate in said lot in remainder, reserving to the said Annie Ahrens a life estate in said lot, to wit, the right to use the same as she always had done so long as she might live"; that plaintiff as devisee of said George A. Lowther has been asserting a claim to a right to use said lot, and interfering with the possession and use of said lot by defendants; that the acts and claim of plaintiff cast a cloud upon the title of said Annie Ahrens to said life estate in said lot, and depreciate the value thereof, and cause annoyance, expense, and trouble to defendants. The an-

swer closed with a prayer for judgment, removing said cloud from the title of said Annie Ahrens, and adjudging her to be entitled to the sole use of said lot during her lifetime, and an injunction restraining plaintiff from interfering with such use.

The trial, without a jury, resulted in a judgment for plaintiff. In the judgment it is recited that the court is of the opinion that the deed from defendants to Lowther, dated June 6, 1916, "does not reserve or except to the grantor, Mrs. Ahrens, a life estate in the said lot nor the right to the exclusive use of same during her natural life, but that she thereby has the right to use and enjoy the lot in controversy, in common with plaintiff, as a back yard to her home in the manner and for the purposes she has been accustomed to use it in the past, to wit, to store wood and coal, keep a cow, a horse, chickens, have her washing done there, place clotheslines thereon, and dry clothes; that defendants have no right to place any fence or obstruction along the southern boundary of said lot, but that Mrs. Ahrens has the right to construct a fence on, and across said lot at the place where same was being constructed when stopped by the temporary restraining order herein, provided a gate that may be easily and readily opened and shut is placed in said fence at a point convenient to the back steps of Mrs. Lowther's house, so as to give plaintiff access to said lot in controversy." The judgment also contained the following recitals:

"The court is further of the opinion that the above-mentioned deed conveyed to Geo. A. Lowther the fee-simple title to the lot in controversy, subject to the right in Mrs. Ahrens to use the lot in the manner aforesaid as long as she may live; that the said Geo. A. Lowther is now deceased, and that Mrs. Geo. A. Lowther acquired by devise all the right, title, and interest in said lot owned by the said Geo. A. Lowther, her husband; that by reason of her said title so acquired she has the right to use said lot, sell it, lease it, or make any disposition of it she may see fit, subject only to Mrs. Ahrens' right to use same under the conditions and for the purposes above set forth. The court is further of the opinion that plaintiff is entitled to an injunction, perpetually restraining defendants, and each of them, from placing any fence or obstruction along the southern boundary of the lot in controversy, or at any place nearer said boundary than at the line of fence posts already dug by defendant R. T. Ahrens, as aforesaid, and from doing any act that will interfere with or prevent plaintiff's free use of and access to the said lot through the gate as aforesaid. The court is also of the opinion that the injunction prayed for in defendants' original answer should be denied."

It was then decreed that—

A writ of injunction be issued, "perpetually restraining and enjoining defendants, and each of them, from denying or interfering with plain-

tiff's free access to the above-described lot in controversy through a gate, of the character and location above stipulated, in the fence that may be constructed by the said defendants on the said lot at the place above indicated by the court as being proper, and from denying to plaintiff the right to make, or prohibiting her from making, or interfering with her in making, any use or disposition of said lot that she may see fit not inconsistent with defendant Mrs. Ahrens' right to use same in common with her and in the manner and for the purposes above outlined, as long as she may live."

Appellants' first contention is that the petition states no cause of action, the ground relied on being that it discloses on its face that Annie Ahrens reserved a life estate in the lot in controversy in the deed executed by her and her husband to Geo. A. Lowther. It was alleged "that by the terms of the deed Mrs. Ahrens was to have the use of said lot as she had always done as long as she might live"; also, in effect, that the right of use stipulated in the deed was that Mrs. Ahrens was to have the right of use during her life in common with plaintiff. The exact wording of the deed is not undertaken to be given, and the description of its terms is certainly not such as to show a life estate in Mrs. Ahrens. The first and second assignments are overruled.

[1-4] The third and fourth assignments are entirely too general to be considered, for the third is merely a statement that the court erred in rendering judgment granting the injunction, while the fourth is merely a statement that the court erred in not rendering judgment that plaintiff take nothing by her suit, and that defendants go hence without delay and recover of plaintiff all costs of suit. The statement is made in the brief that the assignments "are grouped, for the reason that they present the same questions of law and of fact." If entitled to consideration, there would be no objection to presenting them together, for they are so general that any question of law arising upon the facts, and any question of fact, might be relied on in support thereof. It appears that one contention urged is that the court erred in construing the language of the deed from defendants to Lowther. This, if an error, might be regarded as of such a prominent character as to entitle it to consideration on the theory that it would be fundamental. The reservation made in favor of Mrs. Ahrens reads as follows:

"Mrs. Ahrens to continue using said lot, as she has always done, so long as she may live."

We agree with the trial court that this language does not, as a matter of law, constitute the reservation of a life estate in favor of Mrs. Ahrens. The words "as she has always done" were presumably inserted for some purpose, and the most natural inference is that they were intended as descriptive of the extent or kind of use made by Mrs. Ahrens of the parcel of land. The court did not err in holding that parol evidence could be introduced' of the facts and circumstances surrounding the transaction, and those subsequent thereto which tended to show the construction placed upon the language by the parties to the deed. In this connection, we will say that, although there is no sufficient assignment raising the issue, we find that the evidence introduced amply sustains the finding of the court with respect to the extent to which, and purposes for which, the parties intended Mrs. Ahrens should retain the use of the lot.

The judgment is affirmed.