## PIOTT v. FARMERS' ELEVATOR CO.
### (No. 2232.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 19, 1923.)

**Master and servant ⊙⟝21—Contract held terminable by employer on notice; "however."**

Under an employment contract, effective for one year if each party performed his duty and the employee's services were satisfactory, but providing that "if, however, either party decides to terminate this contract, he or they reserve the right to do so by giving * * * 30 days' notice," the employer could terminate it on such notice without being entitled to do so under the other provisions; there being no necessary inconsistency between them and the later clause, which was intended as a reservation from the operation thereof, in view of the word "however," which means "at all events; in any case, nevertheless; notwithstanding," and "indicates an alternative intention, a contrast with the previous clause, and a modification of it under other circumstances" (quoting Words and Phrases, First and Second Series, "However").

Appeal from Hale County Court; Meade F. Griffin, Judge.

Action by the Farmers' Elevator Company against L. Piott. Judgment for plaintiff, and defendant appeals. Affirmed.

Oxford & Oxford and M. J. Baird, all of Plainview, for appellant.

E. Graham, of Plainview, for appellee.

BOYCE, J. The Farmers' Elevator Company sued the appellant, L. Piott, who pleaded in set-off and reconvention damages for the alleged breach of a contract of employment hereinafter referred to. This contract was between the Farmers' Grain Company, to whose rights and liabilities the plaintiff succeeded, and the defendant Piott. The contract, so far as its terms are material here, is as follows:

"(1) Party of the first part (the grain company) employs party of the second part (Piott) as manager of their elevator, grain and other business connected with their plant at Plainview, Texas, for the period of one year, beginning on the 20th day of May, 1922, and ending on the 30th day of May, 1923."

Then follows paragraphs 2, 3, 4, and 5 of the contract, which relate to the duties of the respective parties, compensation to be paid Piott, etc., and the contract is concluded with the sixth paragraph, as follows:

"(6) It is understood and agreed that this contract shall remain in full force for a period of one year, provided said party of the second part performs his duties properly, is competent and satisfactory to said board of directors; and further provided said party of the first part perform their duty and co-operate in the conduct of the business. If, however, either party desires to terminate this contract he or they reserve the right to do so by giving the other party the customary thirty days' notice of intention."

The decision of all the questions presented on appeal depends on the construction of the last sentence of the sixth paragraph of the contract, as quoted. The trial court construed this provision as giving the grain company the right, without other cause, to terminate the contract on 30 days' notice and disposed of defendant's plea accordingly. The appellant contends that the clause does not provide for an independent right of terminating the contract, but only for the course to be pursued in terminating it in the event either party is entitled to bring it to an end under the provisions of the first part of the sixth paragraph.

We think the trial court was correct in his ruling. "However" is thus defined:

"At all events; in any case, nevertheless; notwithstanding." Century Dictionary.

"The word 'however' indicates an alternative intention, a contrast with the previous clause and a modification of it under other circumstances." 4 Words and Phrases, First Series, p. 3372, quoting from Appeal of Lewis, 18 Pa. 318.

In addition to this, the other language shows that the right to terminate the contract "if either party so desire" is "reserved," that is, held back or excepted from the operation and effect of the other provisions of the contract. We recognize the rule contended for by appellant that all provisions of the contract should be construed together, harmonized, and given full effect, if possible; but we do not think that our construction of the contract violates this rule. There is not any necessary inconsistency between the clause in question and the other parts of the contract. Its plain meaning is to provide for a reservation under the conditions stated from the operation of those other provisions. If the right should not be exercised, then the other agreements are given full effect throughout the period of the contract.

Affirmed.