## HOUSTON & T. C. R. CO. et al. v. CENTRAL TEXAS SECURITIES CORPORATION.
### No. 1457.

Court of Civil Appeals of Texas. Waco.

Feb. 15, 1934.

Tom B. Bartlett, of Marlin, and Sewell, Taylor, Morris & Garwood, of Houston, for appellants.

Bartlett, Carter & Rice, of Marlin, and Davis, Jester & George, of Corsicana, for appellee.

ALEXANDER, Justice.

The Houston & Texas Central Railroad Company's right of way, which is 50 feet in width, abuts upon the west side of Monroe street in the city of Marlin for a distance of 1,578 feet. The Texas & New Orleans Railroad Company is the lessee of said property. The city of Marlin is a municipal corporation duly incorporated and operating under the home rule amendment and has adopted the provisions of Acts 1927, 40th Leg., 1st Called Sess., p. 489, c. 106 (article 1105b, Vernon's Ann. Civ. St.), commonly known as the "Paving Act." In November, 1929, the governing body of the city of Marlin let a contract for the paving of Monroe street and levied an assessment against each piece of property abutting upon said street, including the land upon which the railroad company's right of way is situated, for its pro rata part of the costs of such paving. In April, 1930, after the completion of the work of paving said street, the city council issued to F. P. McElwrath a certificate in the sum of $4,453.90 for paving that portion of Monroe street, being 1,578 feet in length, upon which said railroad company's right of way abutted. Said assessment was declared to be secured by a first lien upon the land included within the railroad company's right of way, 50 feet in width and for the length of that portion of the street so paved, the same being described by metes and bounds, and was made a personal liability "against the true owner thereof who is Houston & Texas Central Railroad, record owner; Texas & New Orleans Railroad Company, lessee." This certificate was afterwards assigned by McElwrath to Central Texas Securities Corporation. In 1930, a credit of $258.30 was allowed on said certificate and the railroad companies made a payment thereon of $3,274.31, leaving a balance of $921.25 unpaid. The Central Texas Securities Corporation brought suit against the Houston & Texas Central Railroad Company and the Texas & New Orleans Railroad Company to recover the balance due on said certificate and to foreclose its lien upon the property described therein. At the conclusion of the evidence the court instructed the jury to return a verdict for the plaintiff, and accordingly a personal judgment was entered against the Houston & Texas Central Railroad Company and the Texas & New Orleans Railroad Company, jointly and several-

ly, for the amount sued for, with foreclosure of plaintiff's alleged lien upon the tract of land in question. The defendants appealed.

The appellants present the proposition that they were not the sole owners of the land in question, but only owned a right of way or easement therein and that by reason thereof the city of Marlin had no right to fix a personal liability against the appellants for the whole of said ·assessment, nor to fix a blanket lien against said land to secure the whole of said assessment.

■The Texas & New Orleans Railroad Company's interest in the property in question was that of lessee only. The character of the interest owned by the Houston & Texas Central Railroad Company was fully shown by deeds duly recorded. Its interest in said land was acquired through a deed from Z. Bartlett to the Waco & Northwestern Railroad Company, its predecessor in title, of date December 20, 1871, which deed provided, in part, as follows: "This indenture, made and entered into on this 20th. day .of December, 1871, by and between Z. Bartlett of the County of Falls and State of Texas, of the first part, and the 'Waco and Northwestern Railroad Company', * * * of the second part—Witnesseth, that for the consideration of the sum of Ten Dollars paid by the party of the second part to the party of the first part, the receipt whereof is hereby acknowledged, and for the further consideration of the public convenience and benefit in the increased facilities of trade, travel and commerce, and the enhancement of the value of real estate, by reason of a Railroad now in process of construction, by the said party of the second part, * * * the said party of the first part does hereby give, grant, bargain, sell, release and convey unto the said party of the second part, and their successors, the right of way for their said Railroad over the space of fifty feet (or twenty-five feet on either side of the center of the track) along the line of the same as it has been, or may be located within ninety days from the date hereof, through the lands of said party of the first part lying and situate in the County of Falls and State of Texas. It being understood that said party of the second part·are to have and hold the said land fifty feet wide, as aforesaid, for all purposes of construction, running and operating their said Railroad and for repairs of same, and for all necessary turn-outs, switches, and any other purpose connected with the operating of said Railroad, to have, hold, use and enjoy the same to the said party of the second part and their successors, as long as they may need the same for the purpose as aforesaid."

We think it clear from the terms of the above deed that the railroad company was not the sole owner of the land in question, but only owned a right of way or easement therein. Right of Way Oil Co. v. Gladys City Oil, Gas & Mfg. Co., 106 Tex. 94, 157 S. W. 737, 51 L. R. A. (N. S.) 268.

■ The rule in this state is that where an assessment is to be made for local improvements, and the abutting property is owned jointly by two or more parties, the municipality cannot fix a personal liability against any one of such joint owners for the whole amount of such assessment, nor can it secure a blanket lien against the whole of the property for the entire debt in a lump sum. · In order to make a valid assessment, it must properly apportion the liability of each joint owner and his interest in the property, in order that such liability may be discharged by him by the payment of his proportionate part of such assessment. 23 Tex. Jur. 455; City of Mexia v. Montgomery (Tex. Civ. App.) 7 S.W.(2d) 594 (writ refused); Scanlan v. Gulf Bitulithic Co. (Tex. Com. App.) 44 S.W.(2d) 967, par. 5, 80 A. L. R. 852; City of Ennis v. Telfair (Tex. Civ. App.) 22 S.W.(2d) 327, par. 4; City of Dallas v. Atkins (Tex. Civ. App.) 197 S. W. 593, par. 13; Id., 110 Tex. 627, 223 S. W. 170, par. 5.

■ The above rule was applied by the Supreme Court in City of Dallas v. Atkins, supra, in a case in which one of the parties owned a life estate in the property and another owned the remainder interest. We think the rule is applicable to the case here under consideration where the party assessed owned an easement in the property and another party owned the fee. Since the railroad companies, appellants herein, were not the sole owners of the property in question, the city had no right to make the whole of said assessment a personal liability against said railroad companies, nor to fix a lien against said property in a lump sum to secure the whole of said indebtedness.

The judgment of the trial court is reversed, and judgment here rendered that plaintiff take nothing. This, however, is without prejudice to any right that the city may have to reassess said property, or its owners, for the cost of such improvements.