**GULF COAST WATER CO. v. HAMMAN EXPLORATION CO. et al.**

No. 11326.

Court of Civil Appeals of Texas. Galveston.
March 5, 1942.

Rehearing Denied March 26, 1942.

Strasburger, Price, Holland, Kelton & Miller and R. B. Holland, all of Dallas, for appellant.

C. A. Erickson and Styles & Erickson, all of Bay City, J. C. Hutcheson, III, Baker, Botts, Andrews & Wharton, F. V. Phipps, Harry R. Jones, and Andrews, Kelley, Kurth & Campbell, all of Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellant, Gulf Coast Water Company, to recover from appellees, Hamman Exploration Company et al., the title to and possession of two tracts of land in Matagorda County, Texas. While the suit was brought as a straight trespass to try title action, the appeal involves the proper construction of the deed under which appellant's predecessors in title acquired the land in controversy.

Appellees answered by a general denial and a plea of not guilty. They specially pled various statutes of limitations.

In a trial before the court, without a jury, judgment was rendered that appellant recover from appellees a perpetual easement for the flowing of water through its canals upon and over the land in controversy, but that, except as to said easement, appellant take nothing by the suit. Findings of fact and conclusions of law were filed by the trial court. They were excepted to by appellant.

By deed dated December 22, 1909, appellees, Louis Huebner, Franz Huebner, and Elise Richards, conveyed to Gravity Irrigation & Power Company certain interests in the land in controversy. By subsequent conveyances appellant acquired the interest of Gravity Irrigation & Power Company under this instrument. Appellees in the case are the Huebners and Mrs. Richards and the subsequent grantees and lessees from them of portions of the property conveyed therein. The sole question presented in the appeal is whether the deed in question conveyed to appellant's predecessor in title the fee simple title to the land in controversy, or whether it conveyed only an easement therein.

The pertinent portions of said deed are as follows:

"Know All Men By These Presents:

"That we, Louis Huebner, * * *, Franz Huebner, * * *, Elise Richards, * * *, for and in consideration of the sum of Two Thousand Dollars ($2,000.00) to us cash in hand paid, by the Gravity Irrigation and Power Company, the receipt whereof is hereby acknowledged, and confessed, have granted, sold, and conveyed, and by these presents do grant, sell, and convey unto the Gravity Irrigation & Power Company, the following described property, and premises situate in the County of Matagorda, State of Texas, to-wit:

"* * * Third. 11.25 acres, right-of-way of the eastern lateral across Section X-3, I. & G.N.Survey, and being a strip 100 ft. wide and lying 50 ft. on each side of the center line of the said lateral. Beginning at the point where said lateral intersects the north line of said Section near its NW corner; thence S.23 deg.E.2200 ft.; thence S.8¼ deg.E.2700 ft. to the S. line of said Section X-3, including 11.25 acres.

"* * * Fifth. Being a strip 75 ft. wide and being 37½ ft. on each side of the center line of said canal, and being a part of Section No.X-3, I. & G.N.Survey. Beginning at a point in the Huebner Bros. pasture, at 22,550 ft. from where lateral A leaves the main canal; thence E.3500 ft. to the eastern line of the Huebner Bros. lands;

"As a part consideration moving to the execution of this conveyance, the said Gravity Irrigation & Power Company for itself, its successors and assigns, agrees as follows:

"I. That the said Gravity Irrigation & Power Company, its successors and assigns, will not fence or permit to be fenced the said right of way or strips of land herein conveyed, nor lease or permit same to be leased for grazing purposes, but the live stock of the grantors shall have free use of same, without cost to them. * * *

"4. The said grantee, for itself, its successors and assigns, agrees to construct across said lateral A, of said right of way, conveyed herein, a wagon bridge at what is known as the Wesly Hobbs place, and the said grantors herein shall and are hereby given the right without charge for the privilege to construct across said right of

way herein conveyed, any bridge they may desire, such bridges, however, to be constructed so as not to impede the flow of water through said canal.

"5. The right to fence the rights of way herein conveyed by the grantors, their heirs and assigns, is expressly reserved, but in the event of fencing across such rights of way, then the party so fencing shall construct and maintain a gate upon or immediately adjoining said right of way, for the use of the Gravity Irrigation & Power Company or its employees.

"To have and to hold, the above described lands and premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Gravity Irrigation & Power Company, a corporation duly incorporated under the laws of Texas, its successors or assigns, forever. And the said grantors do hereby warrant and forever defend all and singular the said land and premises unto the said Gravity Irrigation & Power Company, its successors or assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

The appeal involves the title to the 3rd and 5th tracts in the above deed.

The trial court found, in substance, that said deed was not ambiguous and that it was not the intention of the grantors to convey, or of grantee to acquire, by said deed a fee simple title to the property in controversy but only an easement through and over said land for canal purposes, and that the parties to said instrument, both grantors and grantee, and their successors in title had, by their use of the property involved, invariably treated said instrument as conveying only a perpetual easement over and through said land for canal purposes and not as conveying the fee simple title thereto.

The court found, as a matter of law, that said deed was unambiguous and that, on its face, it only conveyed a perpetual easement in the property in controversy for canal purposes, but that, if he was in error in his first conclusion and said deed was ambiguous, it should be construed in accordance with the undoubted intention of the parties and the construction uniformly given it by them as conveying only a perpetual easement in said property for canal purposes.

It is the settled law in this state that, where the granting clause of a deed conveys a *right of way* of designated width across, over and through a tract of land, it is a conveyance of a mere easement in the property and not a conveyance of the fee simple estate therein.

This rule is announced by the Supreme Court in the case of Right of Way Oil Co. v. Gladys City Oil, Gas & Mfg. Co. et al., 106 Tex. 94, 157 S.W. 737, 739, 51 L.R.A., N.S., 268. In that case the questions involved were similar in all material respects to those in the instant case. The habendum and warranty clauses of the deed involved were in general terms. The granting clause read: "Grant, sell and convey unto the East Texas Railway Company, for the purpose of constructing, operating and maintaining its railroad, the right of way, two hundred feet in width, over and upon the above-described tract of land."

The Supreme Court in holding that only an easement was conveyed, after quoting the granting clause above set out, said: "The interest granted in the land is the right of way. What right did the railroad company acquire? As we have seen, by the use of the terms, 'right of way,' a 'grant of the right of way,' the company did not acquire the fee in the land. It got but an easement, * * *."

The rule above laid down was followed by this court in the case of Penn v. Holland, 105 S.W.2d 351, 353, writ refused, which involved the construction of a deed which contained the following granting clause: " * * * have bargained, granted, sold and conveyed * * * a right of way * * * feet in width over, along and through that certain tract or parcel of land * * * the tract of land constituting said right of way is more particularly described as follows."

In holding that only an easement was conveyed, the court said: "This court, after careful consideration, concludes that the trial court was correct, and that the quoted deeds clearly classed this case among those ruled by Right of Way Oil Co. v. Gladys City Oil Co., 109 Tex. 94, 157 S.W. 737, 51 L.R.A.,N.S., 268, * * * rather than among those ruled by Brightwell v. International-Great Northern Ry. Co., Tex.Civ.App., 41 S.W.2d 319; Id., 121 Tex. 338, 49 S.W.2d 437, 84 A.L.R. 265, * * *; in other words, the operative language of this grant to the railway com-

pany clearly relates to a particular privilege appurtenant to this land, that is, 'the right of way * * * feet in width, over, along, and through' it, thereby passing an easement only and not a fee-simple title."

In the instant case, the operative language in the instrument under consideration reads:

"Do grant, sell and convey * * * the following described property and premises, situate in the County of Matagorda, State of Texas, to-wit:

" * * * 3rd. 11.25 acres, right of way of the eastern lateral across Section X-3, I. & G. N. Survey, * * *.

"5th. Being a strip 75 feet wide and being 37½ feet on each side of the center line of said canal, and being a part of Section No. X-3, I. & G. N. Survey. * * *."

■ While the words "property and premises" are used in the operative language of said instrument, these terms are general and may be applied equally well to a conveyance of the fee or an easement. Old South Association v. Codman, 211 Mass. 211, 97 N.E. 766.

■ The words "property and premises" standing alone would leave the matter in doubt as to whether the land itself or only an easement was conveyed, the words "the following described" which immediately precede "property and premises" refer not only to the description of the property but to the interest conveyed. The description of the third tract in the deed calls for "11.25 acres, right of way of the eastern lateral across Section X-3, I. & G. N. Survey * * *."

The subsequent clauses of said deed reserve to the grantors, their successors and assigns, the right to fence, to graze and to build roads across "the rights of way conveyed."

In these subsequent clauses it is expressly recited that a right of way is conveyed by said deed. The material parts of clause No. 4 reads:

"The said grantee, for itself, its successors and assigns, agrees to construct across said lateral A, *of said right of way conveyed herein* (emphasis ours) a wagon bridge * * *."

Clause 5 of said deed reads: "The right to fence *the rights of way herein conveyed* (emphasis ours) by the grantors, their heirs and assigns, is expressly reserved, but in the event of fencing across such rights of way, then the party so fencing shall construct and maintain a gate upon or immediately adjoining said right of way, for the use of the Gravity Irrigation & Power Company, or its employees."

These reservations in said deed are not only inconsistent with the grant of a fee in said land, but the recitations therein of a grant of a right of way, we think, clearly evidence the intent of the grantors to grant and of grantee to acquire not the fee simple title to the land in controversy but only a right of way over, across and through said land for canal purposes. It follows that the construction of the trial court that there was no ambiguity in said deed must be sustained.

Appellees contend that even if the trial court did err in holding that there was no ambiguity in the instrument, it should be construed in accordance with the practical construction given it by the parties, as conveying only an easement.

The trial court found, in substance, that the parties to said instrument, and their successors in title, by the use of the property involved, had invariably treated said deed as conveying only a perpetual easement for canal purposes, and not the fee simple title to the land in controversy. The court cited, as an instance of this construction of the instrument by the parties, the fact that appellant had, in October, 1933, after it had succeeded to the rights of Gravity Irrigation & Power Company, classified the property in question as an easement in a deed of trust executed by it for the purpose of procuring a bond issue. This finding is supported by stipulation of the parties that in numerous instruments in the chain of title from Gravity Irrigation & Power Company to appellant, the interest held by appellant in the land in controversy is referred to as a "right of way".

As supporting a contrary construction, appellant established the fact that from the year 1922 it had paid taxes on 12½ acres of land out of I. & G. N. Survey X-3.

■ It is a settled rule of construction applicable to written instruments that, where the parties to an instrument have, by their acts and conduct, placed a con-

struction upon it showing their intention in executing it, then such acts and conduct should be given strong weight by the court in arriving at the intention of the parties in the execution of the instrument, and in the absence of clear language in such instrument indicating an intention of the parties, by their acts and conduct, to the contrary, the court should adopt the construction of such instrument as placed upon it by the parties thereto. 14 Tex.Jur. 924, § 146.

It has also been held that this construction may be effected by placing of record in one's chain of title an instrument containing recitals as to the effect of a former conveyance in the chain. Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S. W.2d 1080, 85 A.L.R. 391; Altgelt v. Aue, Tex.Civ.App., 198 S.W. 606, writ refused; Ahrens v. Lowther, Tex.Civ.App., 223 S. W. 235, writ refused; Way v. Venus, Tex. Civ.App., 35 S.W.2d 467.

In view of the findings of the trial court on conflicting evidence, that the parties to said instrument, and their successors in title, had invariably treated the property conveyed therein as an easement for canal purposes and not the fee title, appellee's contention in this respect must be sustained.

Appellant complains of the action of the trial court in admitting certain evidence, including oral testimony and documents regarding prior negotiations and dealings between the parties which led up to the instrument of December 22, 1909.

The evidence in question was offered by appellees for the purpose of showing the background leading up to the execution of said instrument and as throwing light on the intention of the parties. It was admitted by the court with the qualification that it would only be considered, if, in the court's mind, there was an ambiguity in the deed. No finding of fact based on this evidence was made by the court. Further, the trial having been before the court without a jury, it is presumed that the testimony was not considered by the court in rendering his judgment.

It follows from above conclusions that the judgment of the trial court must be in all things affirmed.

Affirmed.