**TEXAS ELECTRIC RY. CO. et al. v. NEALE et al.**

No. 2982.

Court of Civil Appeals of Texas. Waco.

Nov. 21, 1951.

Rehearing Denied Dec. 13, 1951.

330

Burford, Ryburn, Hincks & Ford, Sam P. Burford and Clarence A. Guittard, all of Dallas, for appellant, Texas Electric Ry. Co.

Naman, Howell & Boswell and Bryan, Maxwell & Bryan, all of Waco, amicus curiae for Texas Electric Ry.

O'Dowd & O'Dowd, Waco, for appellant R. A. Tindell.

Clark & Seley, Waco, for appellants Louis H. Shannon and Ike Kestner.

Sleeper, Boynton, Darden & Burleson and Street & Street, all of Waco, for appellee.

HALE, Justice.

This suit involves the title to 6.06 acres of land situated about 3½ miles north of the downtown area in the City of Waco. The land was used for approximately 35 years prior to the institution of the suit as part of an interurban right of way between Dallas and Waco. After the further use of the land for that purpose had been abandoned, W. F. Neale and E. C. Street, appellees, brought suit against Texas Electric Railway Company, A. E. Tindell, L. H. Shannon and Ike Kestner, appellants, to recover the title and possession thereof. The case was tried in the court below without a jury. The trial turned upon the construction of a deed dated September 4, 1912, from Mrs. Dora H. Behrens and others, predecessors in the claimed title of appellees, to Chas. H. Allyn and others, predecessors in the claimed title of appellants. The trial court held that the deed in question conveyed an easement only and rendered judgment for appellees. Hence this appeal.

Although appellants have filed separate briefs, the appeal of each is predicated upon four points of error, viz.: (1) "The Court erred in holding that the deed in question fom Mrs. Dora H. Behrens, et al, to Charles H. Allyn, et al, Trustees, was an easement and not a conveyance of fee simple title to the land therein described"; (2) "The Court erred in failing to hold that said deed was clear and unambiguous"; (3) "The Court erred in admitting extrinsic evidence to vary the clear and unambiguous language of said deed"; and (4) "The Court erred in holding that the estate granted in said deed terminated upon abandonment of the interurban electric railway over said land." In their briefs appellants say the sole question to be decided on the appeal is whether, under a proper construction of the deed in controversy, the grantees and their successors acquired fee simple title to the land described in such deed or only an easement which terminated on abandonment of the use of the described premises for right of way purposes.

The deed under consideration was on a printed form which was filled in and supplemented with additional typewritten data.

It was duly executed and acknowledged by each of the grantors on September 4, 1912 and filed for record with the County Clerk of McLennan County on October 16, 1913. The face of the deed, with its formal parts omitted, was in full as follows:

"Know All Men By These Presents:

"That We, Geo. S. McGhee, Mrs. Dora Behrens and Abe Gross, for and in consideration of One Dollar to me in hand paid and the benefits which will accrue to my other property by reason of the construction of the Interurban Railway hereinafter mentioned, do by these presents grant, sell and convey unto Chas. H. Allyn, W. D. Lacy, J. K. Parr, S. M. Dunlap, J. Baldridge, J. Houston Miller and W. R. McDaniel, Trustees of the Southern Traction Company, their successors and assigns, the following described piece or parcel of land, to-wit:

"Beginning at a point on the dividing line between J. O. Brittian and J. J. Dean said point being about 508 feet from J. O. Brittian's north east corner; thence about 590 feet in a southerly direction; thence about 10 feet in a westerly direction; thence about 2564 feet in a southerly direction to J. J. Dean's south line, same being D. McCullum's north line; Thence about 60 feet along said line in a southwesterly direction to J. J. Dean's west line; Thence about 60 feet along said line in a northwesterly direction; Thence about 2564 feet in a northerly direction; thence about 10 feet in a westerly direction; thence about 500 feet in a northerly direction to J. J. Dean's north line; thence about 140 feet with said line in a northeasterly direction to place of beginning, containing 6 06/100 acres, more or less, being a part of the Tomas de la Vega Eleven League Grant.

"It being the intention of this deed to convey a strip of land 100 feet wide for 550 feet, and 80 feet wide for the balance of the way through the property of J. J. Dean in the Tomas de la Vega Eleven League Grant.

"It is further understood herein that the above strip of land is conveyed upon the further condition and consideration that said Southern Traction Company will, as

soon as it begins operation, establish a stop on the right of way hereinabove conveyed about the center thereof for the purpose of letting passengers on and off its cars which stop shall be as near a street crossing as possible and said Co., shall forever keep up and maintain said stop when so established, and said company further agrees to allow to be opened and dedicated as streets across said right of way such streets as may be opened by grantors herein, it being understood that the property through which this right of way is given is to be opened up as an addition to the city of Waco,

"To have and to hold the same unto the said Trustees, their successors and assigns, forever free of all encumbrances.

"However, this deed is made as a right-of-way deed for an Interurban Railway including telephone, telegraph and transmission lines from Dallas to Waco, Texas, and in case said railway shall not be constructed over said land then this conveyance shall be of no effect."

It will be noted that the foregoing deed consists of six separate paragraphs which will hereafter be referred to separately as paragraphs 1 to 6, respectively. Paragraph 1 thereof was entirely in print except the words "We Geo. S. McGhee, Mrs. Dora Behrens and Abe Gross," which were inserted by means of a typewriter. Paragraphs 2, 3 and 4 thereof were each typewritten and paragraph 5 was printed. Paragraph 6 was printed except the words "including telephone, telegraph and transmission lines" and "Waco" which were interlined and inserted by means of a typewriter. The deed was endorsed on the reverse side thereof in print "Right Of Way Deed."

Under appropriate counter points in their brief, appellees say the trial court did not err in holding that the deed in controversy conveyed only an easement to the land therein described, irrespective of whether such deed was ambiguous or not. They further contend that even though the legal effect of such deed was to vest in the grantees a fee simple title, the trial court did not err in rendering judgment for them because they say the obligation of the grantees to maintain forever a stop on the right of way or land therein conveyed was a condition subsequent or a limitation upon the estate so conveyed and the breach of such obligation authorized the trial court in granting them the relief sought in this cause.

■■ The terms "deed," "conveyance" and "deed of conveyance" are frequently used interchangeably to denote the same legal concept. Each is commonly understood to mean an instrument in writing whereby the grantor conveys to the grantee some right, title or interest in or to real property. The nature, extent and duration of the estate granted is dependent upon the intention of the parties as expressed by the language used in the deed of conveyance. Where the legal effect of a deed to a railroad company is to convey land as distinguished from a right of way, such conveyance vests in the grantee a fee simple title in and to the land so conveyed. On the other hand, where the deed conveys a right of way for the purpose of constructing and operating a line of railway, the grantee becomes vested only with a right of easement and not a title in fee. Calcasieu Lumber Co. v. Harris, 77 Tex. 18, 13 S.W. 453; Right of Way Oil Co. v. Gladys City Oil, Gas & Mfg. Co., 106 Tex. 94, 157 S.W. 737, 51 L.R.A.,N.S., 268; Brightwell et al. v. International-Great Northern R. Co., 121 Tex. 338, 49 S.W.2d 437, 84 A.L.R. 265. Therefore, in order to determine whether the legal effect of the deed here under consideration was to vest in the grantees a fee simple title or a right of easement, we must first ascertain whether the intended purpose and hence the legal consequence of such deed was to convey the strip of land therein described or to convey a right of way over, through and across such land for the construction and operation of an Interurban Railway. Reduced to simple terms, we think the controlling question before us is this: Was it the dominant purpose and intention of the parties to the deed that the same should evidence a conveyance of the land therein described or the conveyance of a right of way over, through and across such land? In other words, was such instrument a conveyance of land or was it a right-of-way deed?

Should we confine our consideration to the language employed in paragraphs 1, 2, 3 and 5 of the deed, we would have no difficulty in arriving at the conclusion that the purpose and effect of such language was to convey the strip of land therein described, even though the recited consideration contained in paragraph 1 and the expressed intention in paragraph 3 indicate that the land so described was being acquired for right-of-way purposes. But we cannot confine ourselves to a consideration of only a part of the deed. We must consider all of the language contained within the four corners of the instrument as a whole. Sisk v. Randon, 123 Tex. 326, 70 S.W.2d 689, pt. 4; Holloway's Unknown Heirs et al. v. Whatley et al., 133 Tex. 608, 131 S.W.2d 89, 123 A.L.R. 843; Dallas Joint Stock Land Bank v. Harrison et al., 138 Tex. 84, 156 S.W.2d 963.

When we examine paragraphs 4 and 6 of the deed, the language therein employed seems to be at variance with the language contained in paragraphs 1, 2, 3 and 5 as to the nature of the estate which the deed as a whole was intended to convey. In paragraph 4 we find an obligation of the grantees to establish and forever maintain a stop on "the right of way hereinabove conveyed" and the expressed understanding of the parties that the property "through which this right of way is given" is to be opened up as an addition to the City of Waco. These expressions indicate that the intended purpose of the deed was to grant and convey a right of way. Paragraph 6 is even more indicative of such intended purpose. The' word "However" as used in such paragraph is synonymous with such words and expressions as "notwithstanding," "in all events," and "in any case, nevertheless." Piott v. Farmers' Elevator Co., Tex.Civ.App., 256 S. W. 946. And so, it appears to us, we have the grantors clearly saying in paragraph 6 that this "deed," in all events and notwithstanding any previous language or expression to the contrary, is made as a right-of-way deed for an Interurban Railway, "including telephone, telegraph and transmission lines," with the proviso that if such railway is not constructed "over said land"

then this "conveyance" shall be of no effect. If the language thus employed in paragraph 6 of the deed, when considered in connection with all of the preceding provisions in the instrument, did not clearly disclose an intention on the part of the parties thereto that the instrument as a whole should evidence a conveyance of right-of-way as distinguished from land, then in our opinion the true intent, legal meaning and effect of the instrument was indefinite, uncertain and ambiguous as to the nature and extent of the estate thereby conveyed.

The rule is well settled that when an instrument does not by its terms plainly and clearly disclose the intention of. the parties, or when it is expressed in language that is fairly susceptible of more than one interpretation, the true intent may be ascertained; not solely from the words employed in the instrument, but from its language when read in the light of the surrounding circumstances. Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, pt. 11, 127 A.L.R. 1217 and authorities. We think that rule is applicable here. The purpose of the rule which permits extrinsic evidence under such circumstances is not to vary, add to or detract from the language used in the written instrument, but is merely to aid the court in ascertaining the true intent and meaning of the parties with respect to some ambiguity arising from the instrument as written. Remington Rand, Inc. v. Sugarland Industries, 137 Tex. 409, 153 S.W.2d 477 and authorities.

After a careful study of the deed under consideration in the light of the circumstances shown by the voluminous evidence adduced at the trial, we have decided that it was the intention of the parties to such deed by the use of the language therein employed to evidence the conveyance of a right of way as distinguished from the land therein described. We shall note briefly some of the pertinent circumstances disclosed by the evidence.

The deed was prepared by the grantees and was presented by their attorney to Hon. E. C. Street, one of the appellees in this cause, who at that time was acting as

attorney for the grantors. The attorneys discussed between themselves the legal effect of the deed as written and they were of the mutual opinion that it would convey only an easement and if the contemplated line of railway was not constructed the right of easement would terminate. The attorney for the grantors advised his clients that under the state of the law as it then existed only an easement could be acquired by the grantees through condemnation proceedings. After the above discussions the deed was executed on September 4, 1912, but it was not delivered to the attorney for grantees until after the Supreme Court of Texas had decided the case of Right of Way Oil Co. v. Gladys City Oil Co., supra. The attorneys for the parties to the proposed deed again discussed its legal effect in the light of the foregoing decision and they were confirmed in their prior opinion that the deed as written would convey only an easement.

In the case of Gulf Coast Water Co. v. Hamman Exploration Co., Tex.Civ.App., 160 S.W.2d 92, 95, er. ref., the court in construing a deed somewhat similar to the deed in this case said: "It is a settled rule of construction applicable to written instruments that, where the parties to an instrument have, by their acts and conduct, placed a construction upon it showing their intention in executing it, then such acts and conduct should be given strong weight by the court in arriving at the intention of the parties in the execution of the instrument, and in the absence of clear language in such instrument indicating an intention of the parties, by their acts and conduct, to the contrary, the court should adopt the construction of such instrument as placed upon it by the parties thereto. 14 Tex.Jur. 924, § 146."

We think the construction placed upon the deed in controversy by the parties thereto and their successors in title, as shown by their acts and conduct over a period of 35 years, tends strongly to support our decision as to the intention of the parties in the execution and delivery of the same. The grantors in the deed thereafter conveyed the fee simple title to the 6.06 acres in controversy as a part of the entire tract through which this strip of land extended. The trustees named in the deed conveyed the property therein described to Southern Traction Company as a right-of-way. The property was subsequently conveyed by Southern Traction Company to Texas Electric Railway and by the latter to Texas Electric Railway Company as a right-of-way. The property was encumbered by Southern Traction Company as a right-of-way and was rendered for purposes of taxation through the years by Southern Traction Company, Texas Electric Railway and Texas Electric Railway Company, respectively, as a right-of-way. On January 1, 1949, the use of the property for right-of-way purposes was abandoned by Texas Electric Railway Company and thereafter in June of that year the Railway Company conveyed a part of the land in controversy to the other appellants herein by instruments which are in the nature of special as distinguished from general warranty deeds.

From the entire record before us we have concluded that the legal effect of the deed here involved was to vest in the grantees and their successors only an easement. Our conclusion is based in part upon the opinion and holding in the following cases: Right-of-Way Oil Co. v. Gladys City Oil Co., 106 Tex. 94, 157 S.W. 737, 51 L.R.A., N.S., 268; St. Louis Southwestern Ry. Co. v. Temple Northwestern Ry. Co., Tex.Civ. App., 170 S.W. 1073; Stephenson v. St. Louis Southwestern Ry. Co., Tex.Civ.App., 181 S.W. 568, er. ref.; West Texas Utilities v. Lee, Tex.Civ.App., 26 S.W.2d 457; Houston & T. C. R. Co. v. Central Texas Securities Corp., Tex.Civ.App., 68 S.W.2d 585; Town of Refugio v. Heard, Tex.Civ. App., 95 S.W.2d 1008; Gulf Coast Water Co. v. Hamman, Tex.Civ.App., 160 S.W.2d 92, er. ref.; Boles v. Red, Tex.Civ.App., 227 S.W.2d 310, er. ref. n. r. e. See also, Sherman v. Petroleum Exploration, 280 Ky. 105, 132 S.W.2d 768, 132 A.L.R. 137, and annotations in 132 A.L.R. pp. 142–184.

Therefore, all points of error upon which the several appellants predicate their appeal are overruled and the judgment of the court below is affirmed.

LESTER, C. J., took no part in the consideration or disposition of this cause.