

# The Attorney General of Texas

January 28, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. MW-433

Re:    Penalty    filing    fees
required by 1981 amendment to
article 6626, V.T.C.S.

Dear Mr. Driscoll:

The Sixty-seventh Legislature amended article 6626, V.T.C.S., which deals with the recording of certain legal instruments, by adding subsection (b). Acts 1981, 67th Leg., ch. 206, at 498. You have asked five questions concerning this subsection, which reads as follows:

> A deed or other conveyance conveying an interest in real property, if executed after December 31, 1981, shall contain a mailing address of each grantee appearing on the document or in a separate instrument signed by a grantor or grantee and attached to the document. Failure to include an address of each grantee in the document or attached instrument does not affect the validity of the conveyance between the parties to the document. Any such deed or other conveyance which fails to include a mailing address of each grantee appearing in the document or attached instrument may only be filed for record with the county clerk of the county in which the real property is situated after payment of a penalty filing fee equal to the greater of (1) twice the statutory filing fee for the filing of such documents with the county clerk, or (2) the sum of $25. Upon acceptance by the county clerk of a deed or other conveyance for recordation and the payment of the filing fee as determined by the county clerk, it shall be conclusively presumed that such deed or other conveyance meets all filing fee requirements of this Subsection (b) of this Article 6626, prerequisite to the lawful filing of a deed or other conveyance.

You first ask:

> 1. Is the county clerk constitutionally authorized to collect the penalty filing fees set forth in article 6626?

Article V, section 20 of the Texas Constitution establishes the office of county clerk and provides that the duties of said office shall be as "prescribed by the Legislature." You suggest no reason -- and we cannot imagine any -- why the collection of the article 6626 penalty filing fee is not a "duty" which the legislature may permissibly impose upon county clerks. Rather, you contend that the penalty filing fee provisions of article 6626 are invalid because House Bill No. 196, which enacted those provisions, violated article III, section 35 of the Texas Constitution, which provides as follows:

> No bill (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

House Bill No. 196, which reenacted former article 6626 as subsection (a) of the new statute and enacted subsection (b), was entitled "An act relating to a requirement that grantees' addresses be in or attached to any document conveying real property." You contend that this title did not afford fair notice of the penalty filing fee provisions as required by article III, section 35. We disagree.

Numerous cases have construed article III, section 35. An excellent statement of its import may be found in Lee v. State, 352 S.W.2d 724, 725 (Tex. 1962), where the Texas Supreme Court stated:

> It is well established that the caption of an act should be liberally construed so as to uphold its validity if at all possible... It has also been said that, 'None of the provisions of a statute should be regarded as unconstitutional when they relate, directly or indirectly, to the same subject, have a mutual connection, and are not foreign to the subject expressed in the title.'... So long as the caption states the main subject of an act, it will also be construed to cover any subsidiary matters if they are reasonably

> connected, germane, incidental, or relevant to the
> main subject.

In C. Hayman Construction Company v. American Indemnity Company, 473
S.W.2d 62, 66 (Tex. Civ. App. - Dallas 1971, no writ), the court said:

> The test of sufficiency of a legislative title is
> whether it gives reasonable notice of the contents
> of the bill to an average legislator or interested
> citizen.  If such person interested in legislation
> on a particular subject would be prompted by the
> title to examine the body of the bill for
> provisions relating to that subject, then the
> title is sufficient, but if he would be likely to
> get the impression that further reading is
> unnecessary because the bill does not relate to
> that subject, then the bill, if enacted, is
> unconstitutional to the extent that it deals with
> that subject.

In our opinion, House Bill No. 196 comported with article III,
section 35.  Its title expressed the general subject of the bill,
viz., the requirement that grantees' addresses be in or attached to
documents conveying real property, and we believe its penalty filing
fee provisions were reasonably connected and germane to that subject.
We also believe that the wording of the title -- particularly the
presence therein of the word "requirement" -- is such that its readers
would have been encouraged to read further.  A statutory "requirement"
will usually be accompanied by a penalty provision; thus, readers of
the title of House Bill No. 196 could reasonably have been expected to
peruse the bill to discover the penalty that would be imposed if the
requirement were not met.

We therefore conclude that House Bill No. 196 did not contravene
article III, section 35 of the Texas Constitution, and we answer your
first question in the affirmative.

You next ask:

> 2.  When a deed or other conveyance is
> tendered to the county clerk for filing and
> recording without containing or having attached
> the mailing address of each grantee, should the
> county clerk collect only the penalty filing fee,
> or should the clerk collect that fee in addition
> to the regular filing fee?

The language of subsection (b) of article 6626 is reasonably
susceptible of either construction.  The bill analysis of House Bill

No. 196 offers no clue as to the proper interpretation. We must therefore choose the interpretation which finds the most support in the language of the statute, and which, in our opinion, best reflects the legislature's intent. See Railroad Commission of Texas v. Miller, 434 S.W.2d 670 (Tex. 1968).

We believe the most plausible interpretation is that county clerks are to collect only the penalty filing fee. First, the legislature's choice of language is significant. In our opinion, the term "penalty filing fee" signifies something complete, viz., a fee which is the entire filing fee to be collected, not a penalty fee to be coupled with the regular filing fee. Had the legislature intended the latter, we think it would have selected a different term –– for example, "penalty." Second, other statutes providing for penalty fees do not contemplate that such fees will be combined with the regular filing fee. See, e.g., V.T.C.S. art. 3930(c). Finally, we believe that if the legislature had meant for the penalty fee to be added to the regular filing fee, it would likely have said so clearly and unequivocally.

Your third question is:

> If a conveyance conveying an interest in real property does not conform to article 3930(c), V.T.C.S., such as by not having the grantor's name typed or printed under his signature, and does not contain or have attached thereto the mailing address for each grantee, should the county clerk calculate the fee under said article 3930(c) first and then double the amount so calculated to determine the recording fee under article 6626? If not, how should such fee be calculated?

Articles 3930, 3930a-1, and 3930(b), V.T.C.S., prescribe fees to be charged by county clerks for performing various tasks, including filing and recording certain legal documents. Article 3930(c), V.T.C.S., provides in pertinent part as follows:

> Section 1. (a) Each legal paper offered or presented to a county clerk and county recorder for filing or for recording other than fees authorized in Article 3930(b)... should meet the requirements specified in Subsections (b) through (g) of this section.
>
> . . .
>
> Sec. 2. (a) The filing fee or recording fee for each page of a legal paper which is offered or

presented for filing or for recording to a county
clerk or county recorder and which fails to meet
the requirements for, or which is deficient in,
one or more of the items specified in Section 1 of
this article, shall be equal to twice the regular
filing fee or recording fee provided by statute
for that page.

The conclusion that a penalty fee computed under article 3930(c)
is to be used in computing the article 6626 penalty filing fee can
only be reached if one accepts the following propositions:  (1) the
term "statutory filing fee" in article 6626 signifies something other
than the regular filing fees prescribed by articles 3930, 3930a-1, and
3930(b); and (2) when articles 3930(c) and 6626 are both violated,
county clerks are obliged to look first to article 3930(c), compute
the penalty under that statute, and then use that figure in computing
the article 6626 penalty filing fee.

In our opinion, neither of these propositions is defensible.
First, we believe the term "statutory filing fee" refers to the
regular filing fees contemplated by articles 3930, 3930a-1, and
3930(b), and that it does not embrace a penalty fee resulting from the
application of article 3930(c).  Second, the conclusion that the
article 3930(c) penalty fee is to be used in calculating the article
6626 penalty filing fee assumes a correlation between those statutes
which, in our opinion, simply does not exist.  Articles 3930(c) and
6626 each sets forth its own requirements and prescribes its own
penalty, and we believe that in computing a penalty under either
statute, no penalty exacted under the other should be taken into
account.  Thus, where an individual tenders for recording a legal
paper which violates both statutes, he will pay a combined fee
consisting of the penalty fees required by each, which will be
determined independently by referring to the regular fees established
by articles 3930, 3930a-1, and 3930(b).

Your fourth question is essentially as follows:

Which of the following instruments constitute
a 'conveyance conveying an interest in real
property' within the meaning of article 6626?

a.   Deed of Trust

b.   Mechanic's  and  Materialman's  Lien
Contract

c.   Earnest  Money  Contract  covering  real
property

d.    Contract of Sale of real property

e.    Certified copy of Probated Will

f.    Certified copy of Judgment in eminent
      domain case

g.    Certified copy of Judgment in partition
      case

h.    Lease of Real Estate

i.    Mineral Lease

j.    Abstract of Judgment

k.    Condominium Deed

It is suggested that the legislature's intent in enacting article 6626 was to reach conveyances which create a new taxable interest in the grantee, and that the phrase "conveyance conveying an interest in real estate" should be construed as embracing only those instruments which have this effect. Language in the bill analysis of House Bill No. 196 is offered in support of this contention. Even if we assume that the foregoing is an accurate statement of the legislature's real motive, however, the fact is that the wording of the phrase in question is such that only one interpretation is reasonable: article 6626 embraces any instrument which conveys any interest in real estate. Just as courts must, we must take statutes as we find them, and we may not resort to extrinsic aids in construing statutes when the statutory language in question is clear and unambiguous. Railroad Commission of Texas v. Miller, supra; Ex parte Roloff, 510 S.W.2d 913 (Tex. 1974). If anyone is to limit the scope of article 6626, it must be the legislature, and not this office.

A succinct and workable definition of "conveyance" can be found in Texas Electric Ry. Company v. Neale, 244 S.W.2d 329, 332 (Tex. Civ. App. - Waco 1951), rev'd on other grounds, 252 S.W.2d 451 (Tex. 1952):

[It is] an instrument in writing whereby the
grantor conveys to the grantee some right, title
or interest in or to real property.

Before it can be determined whether certain of the foregoing legal instruments are within article 6626, it is necessary to understand their meaning. A "deed of trust":

> tak[es] the place and serv[es] the uses of a
> common-law mortgage, by which the legal title to
> real property is placed in one or more trustees,
> to secure the repayment of a sum of money or the
> performance of other conditions.

Black's Law Dictionary 503 (4th Ed.).  It is, in legal effect, a mortgage with the power to sell on default.  Phillips v. Campbell, 480 S.W.2d 250, 253 (Tex. Civ. App. - Houston [14th Dist.] 1972, writ ref'd n.r.e.).  A "mechanic's lien" is:

> A claim created by law for the purpose of securing
> priority of payment of the price or value of work
> performed and materials furnished in erecting or
> repairing a building or other structure, and as
> such attaches to the land as well as buildings and
> improvements erected thereon.

Black's Law Dictionary 1132 (4th Ed.).  See 38 Tex. Jur. 2d Mechanic's Liens §§1 et seq.  An "earnest money contract" calls for a deposit to be made to a stakeholder to bind a sale.  Such deposit is used as forfeit money or liquidated damages in the event the sale is not completed.  See Cowman v. Allen Monuments, Inc., 500 S.W.2d 223 (Tex. Civ. App. - Texarkana 1973, no writ).  A "contract of sale" gives each party to the contract the right to specific performance so as to effect a conveyance of the property.  Under such contract, the purchaser does not presently acquire a complete and indefeasible title to the property purchased, the execution and delivery of a deed notwithstanding.  Padre Sands, Inc. v. Cawood, 595 S.W.2d 896 (Tex. Civ. App. - Corpus Christi 1980, writ ref'd n.r.e.); 58 Tex. Jur.2d Vendor and Purchaser §§2, 3.  A "lease of real estate" conveys a portion of an owner's interest in an estate in land to a lessee for a shorter term than the owner's.  It passes a present interest in the land to the lessee.  Black's Law Dictionary (4th Ed.) at 1035.  A "mineral lease" is an agreement which permits the use of land to explore for minerals; if minerals are discovered, the lease affords the right to take the minerals either for a definite term or for so long as they can be produced in paying quantities upon the reserved royalty.  Gordon v. Empire Gas and Fuel Company, 63 F.2d 487 (5th Cir. 1933); Attorney General Opinion MW-402 (1981).

In our opinion, deeds of trust are within the scope of article 6626, as are mineral leases, leases of real estate, and condominium deeds.  These instruments clearly convey an interest in real estate to the grantee.  On the other hand, mechanic's liens, contracts of sale, and earnest money contracts convey no title to or interest in real estate, and are therefore not within the statute.

A certified copy of a probated will is not, in our opinion, within article 6626. The actual transfer of title to any property devised to the beneficiary will take place when the executor of the estate executes an executor's deed, not when the certified copy of the probated will is recorded. Certified copies of judgments in partition cases are also not "conveyances." Nor are abstracts of judgment, which merely afford evidence of the judgment in a particular case, see article 5447, V.T.C.S., or certified copies of judgments in eminent domain proceedings.

You finally ask:

> 5. Which party in each of the above instruments which constitute a 'conveyance of an interest in real property' is the 'grantee' as contemplated by article 6626?

We believe the answer to this question plainly is that the "grantee" will be the person or entity to whom the interest is conveyed. This will be apparent from the face of the instrument itself.

## S U M M A R Y

1. County clerks are constitutionally authorized to collect the penalty filing fees prescribed by article 6626, V.T.C.S.

2. Where article 6626 is violated, county clerks are to collect only the penalty filing fee, not the penalty filing fee plus the regular filing fee.

3. Where article 3930(c), V.T.C.S., and article 6626 are both violated, the penalty filing fee under article 6626 is to be computed without reference to the penalty fee prescribed by article 3930(c).

4. Deeds of trust, mineral leases, leases of real estate and condominium deeds are within the scope of article 6626. Mechanic's liens, earnest money contracts, contracts of sale of real estate, certified copies of probated wills, certified copies of judgments in partition cases, and abstracts of judgments are not within said article.

5. The "grantee" in a conveyance conveying an interest in real estate is the person or entity named as such in the instrument.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Jim Moellinger
Bruce Youngblood