W. J. BRIGHTWELL ET AL. V. INTERNATIONAL-GREAT NORTHERN RAILROAD COMPANY ET AL.

No. 6095. Decided April 21, 1932.
(49 S. W., 2d Series, 437.)

*Young & Wynne,* of Henderson, and *Jack T. Life,* of Athens, for plaintiffs in error.

The words "right of way," if not defined, are expressive of the very nature of the right ordinarily held by railroad companies in the lands over which their roads run. A right to use the land only for railway purposes and easements. Calcasieu Lumber Co. v. Harris, 77 Texas, 18, 13 S. W., 453; Right of Way Oil Co. v. Gladys Oil Co., 106 Texas, 94, 157 S. W., 737.

*Andrews, Streetman, Logue & Mobley, Sewell, Taylor, Morris & Garwood,* and *E. J. Fountain, Jr.,* all of Houston, for defendants in error.

It has been established as a rule of property in this State that a railway company has a right to acquire a fee simple title to land to be used as a right-of-way and to use the land so acquired as any other owner might use the same.

Where the operative words of a grant to a railway company relate to the land, rather than to a particular right appurtenant to the land, the grant passes a fee simple title in the absence of appropriate words clearly intended to restrict the uses to which the land may be subjected or to limit the duration of the grant.

Since land extends indefinitely vertically upwards and downwards, the grant of a strip of land of a definite width over a larger tract is the same in legal effect as the grant of such strip from one extremity to the other of the larger tract, the word "over" being synonymous with "across" and "through," and commonly used, as other surface measurements, to define the extent of the strip horizontally. Calcasieu Lumber Company v. Harris, 77 Texas, 18; Carr v. Miller, 105 Neb., 623, 181 N. W., 557; Cartwright v. Trueblood, 90 Texas, 535; Chamberlain v. Northeastern Railroad Company, 41 S. C., 399, 19 S. E., 743; Chicago, Texas & Mex. Ry. Co. v. Titterington, 84 Texas, 218; Chouteau v. Missouri Pacific Ry. Co., 122 Mo., 375; 22 S. W., 458, 30 S. W., 299; Right-of-Way Oil Company v. Gladys City Oil, Gas & Manufacturing Company, 106 Texas, 94.

*K. C. Barkley, Barkley & Webb,* of Houston, as amicus curiae.

MR. JUDGE CRITZ of the Commission of Appeals delivered the opinion for the court.

This suit was instituted i nthe District Court of Anderson County, Texas, by W. J. Brightwell et al. against International-Great Northern Railroad Company for an injunction to restrain the Railroad Company from drilling or permitting to be drilled any well for oil or gas on a certain portion of its right-of-way in Rusk County, Texas. Brightwell et al. sought a temporary injunction pending the litigation, and prayed that on final hearing such temporary injunction be made permanent. The application for the temporary injunction was heard by the court without the intervention of a jury on an agreed statement of facts. At the conclusion of the hearing and argument thereon the trial court denied the temporary injunction. Brightwell et al. appealed to the Court of Civil Appeals for the First District at Galveston, which court in all things affirmed the judgment of the District Court. 41 S. W. (2d) 319. Brightwell et al. bring error.

It is unnecessary to make any extended statement of the facts. It is sufficient to say that the result of this suit must depend on the construction to be given a certain deed from one J. M. Thompson to International Railroad Company. The deed is as follows:

"KNOW ALL MEN BY THESE PRESENTS,

"That for and in consideration of the enhanced value to be given, and is contemplated to arise to my lands and other property by the location and construction of the International Railroad, and for the further consideration of One Dollar, to me in hand paid, the receipt whereof is hereby acknowledged, *J. M. Thompson* of the County of *Rusk,* and State of Texas, have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release to the International Railroad Company, a strip of *(200) Two Hundred* feet in width of land over the tracts of land parficularly described as follows, viz: a tract in *Rusk* County known as *Six Hundred and Twenty Eight acres of E. G. Sevier Survey and One Hundred and fifty acres of the W. P. Chism League* over and upon which the said Company has built or may hereafter build its Railroad and also the right to have the same strip of land in width, over and upon any other lands now owned or which may be hereafter owned by *me* in this State, through which said Railroad has

been, or may be hereafter built; together with all and singular the rights, members, hereditaments and appurtenances to the same belonging or in anywise incident or appertaining: To have and to hold, all and singular, the said premises unto the said International Railroad Company, or its assigns, forever.

"And for the considerations aforesaid, as herein set forth, *I* do further grant to said Company such earth, material, timber and rock as may be found on *my* lands herein mentioned, *and granted herein as right-of-way* which may be required for the construction of said Railroad; and *I* do hereby grant to said Company a full release from all claims against said Company for damages that may be sustained by their work in the construction and for the right of way of said Railroad over any of the said lands."

The words in italics "and granted herein as right-of-way" are interlined in the original deed in the individual handwriting of some person, and the other italicized words are also in the handwriting of some person, but appear in blank spaces left in the printed deed which is on a printed form.

It is conceded by all parties that if the above deed conveys a fee simple title the injunction here sought should be refused, but if it conveys an easement or right-of-way only it should be granted. It thus appears that the Railroad Company contends that the deed conveys the fee, while Brightwell contends that it conveys only a right-of-way or easement.

■ It is the settled law of this State that a railroad, when it secures its right-of-way by condemnation proceedings, acquires a mere easement, but it may secure and hold a fee simple estate in the land across which it constructs its road. Calcasieu Lumber Co. v. Harris, 77 Texas, 18, 13 S. W., 453; Right-of-Way Oil Company v. Gladys City O. G. & M. Co., 106 Texas, 94, 157 S. W., 737; Kynerd v. Hulen, 5 Fed. (2d) 160. Certiorari was denied by the United States Supreme Court in the last mentioned case. 269 U. S., 560. It is also the rule in this state that when a railroad company owns the fee its right to use the land is as unrestricted as that of an individual owner so long as the State does not complain. Stephens v. Galveston, H. & S. A. Ry. Co., 212 S. W., 639 (Tex. Com. App.).

From the above rules it is evident that if the deed above quoted conveys a fee simple title to the Railroad Company such company, its successors and assigns, have the same right to exploit thereon for oil or gas that an individual holding under the same character of deed would have.

If the character of the estate conveyed by the instant deed.

were an open one in this State it would present a question of some difficulty, but to our minds this Court has already foreclosed it in favor of the construction that the deed conveys the fee, and not a mere right-of-way or easement. Calcasieu Lumber Company v. Harris, 77 Texas, 18, 13 S. W., 453. Right-of-Way Oil Co. v. Gladys City etc., 106 Texas, 94, 157 S. W., 737.

In the Calcasieu case, supra, our Supreme Court had before it for construction the following deed:

"Know all men by these presents: That for and in consideration of the enhanced value to be given and contemplated to arise to my lands and other property by the location and building of the Houston and Texas Central Railroad, and for the further consideration of One Dollar, to me in hand paid, the receipt whereof is hereby acknowledged, I, James Manor, of the County of Travis, and State of Texas, have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release to the Houston and Texas Central Railroad Company, a strip of two hundred feet of land over the tracts of land particularly described as follows, viz: A tract in Travis County known as a Donation of 1280 acres of land situated on Gilliland Ck. over and upon which the said company has built or may hereafter build its railroad; and also the right to have the same strip of land in width over and upon any other lands. Now owned or which may hereafter be owned by him in this State, through which said railroad has been or may be hereafter built; together with all and singular the rights, members, hereditaments and appurtenances to the same belonging or in anywise incident or appertaining. To have and to hold all and singular the said premises unto the said Houston and Texas Central Railroad Company, or its assigns, forever; and for the consideration aforesaid as herein set forth. I do further grant to said Company such earth, material, timber and rock, as may be found on his lands herein mentioned. Which may be required for construction of said Railroad; and I do hereby grant to said Company a full release from all claims against said Company for damages that may be sustained by their work in the construction and for the right-of-way of said Railroad, over any of the said lands."

■ A careful inspection of the deed involved in the Calcasieu case, supra, shows that it is the same in every substantial detail as the deed here involved. Our Supreme Court construed that deed to convey a fee simple title. We quote the following from the opinion of Chief Justice Stayton in that case:

"Some time prior to March 30, 1871, James Manor con-

veyed to the Houston & Texas Central Railway Company a strip of land 200 feet wide through a survey of land owned by him. The deed by which this was done conveyed to the Railway Company the estate in fee to this strip of land, on which its railway seems to be constructed near its center."

To our minds the above decision has become a rule of property under which titles and securities of immense value have been acquired in this State, and it should not now be disturbed or changed.

It seems to be contended by Brightwell et al. that the words or clause *"and granted herein as right-of-way"* contained in the instant deed in law evidences a purpose and intent upon the part of the grantor to convey a mere easement and not the fee. We are unable to agree to this contention.

In order to fully understand the issue above presented we call attention to the fact that this deed, in every detail, down to the last clause thereof is a general warranty deed, and beyond any question conveys the absolute fee to the 200-foot strip of land. This is true under every known rule of construction. After conveying the title in fee simple, as above shown, the deed contains the following additional clause:

"And for the considerations aforesaid, as herein set forth, *I* do further grant to said Company such earth, material, timber and rock as may be found on *my* lands herein mentioned, *and granted herein as right of way* which may be required for the construction of said Railroad; and *I* do hereby grant to said Company a full release from all claims against said Company for damages that may be sustained by their work in the construction and for right of way of said railroad over any of the said lands."

The words in italics are interlined in the handwriting of some individual, in the original instrument, which is on a printed form, and absent proof to the contrary, we must presume that such words were interlined before it was executed.

When we come to consider the clause "and granted herein as right-of-way," in the position in which it is used, it becomes evident that it was not interlined or used for the purpose of limiting the title granted, but to confine to the land granted a right which otherwise would have extended to other lands than the 200 foot strip. In other words, the deed, according to its printed form, would have the legal effect to convey the fee to the 200 foot strip, and in addition thereto would have conveyed to the Railroad Company the right to go on other lands belonging to the grantor and take "such earth, material, timber and

rock," as the Railroad Company required to build and construct its railroad. It thus appears that the clear purpose of the interlined clause was not to modify the estate granted, but merely to confine the Railroad Company to the land granted in taking "earth, material, timber and rock." If the deed had not contained the interlined clause the Railroad Company could have taken such materials from other lands of the grantor.

It is argued by Brightwell et al. that under the rule announced by our Supreme Court in Right-of-Way Oil Co. v. Gladys City O., G. & M. Co., supra, the instant deed should be construed as a conveyance of an easement only. We think that the last mentioned case is not authority to construe the instant deed as the conveyance of a mere easement, but is authority to the contrary.

In the case last mentioned this court had before it for construction a deed substantially as follows:

"Know all men by these presents: That I, being the owner in fee of the following described tract of land lying in Jefferson County, Texas, to-wit, an equal undivided one-third of a tract of land containing 19,481,003 square varas, originally granted and titled by the Government of Mexico to John A. Veatch, as a colonist of Zavalla's colony, near a place called Sour Springs in said County, and lying between the J. W. Bullock and Pelham Humphries league surveys, except 177 acres in the N. W. corner of said Veatch survey, heretofore conveyed to my father, John A. Veatch, for the consideration of one dollar to me in hand paid and the further consideration of the benefits and advantages that will accrue to me by the construction of a railway over said tract of land have and do hereby sell, grant and convey unto the East Texas Railway Company, for the purpose of constructing, operating and maintaining its railroad, the right of way 200 feet in width over and upon the above described tract of land, together with the right to take and use all the timber, earth, stone and mineral existing or that may be found within the right of way hereby granted, to have and to hold to said East Texas Railway Company and its successors, so long as the same or any part thereof may be occupied and used for the purpose of constructing, operating or maintaining its said railway."

It will be noted that the above deed grants, sells and conveys *"for the purpose of constructing, operating and maintaining its railroad, the right-of-way, two hundred feet in width, over and upon the above described tract of land; together with the right to take and use all the timber, earth,*

*stone and mineral existing or that may be found within the right-of-way hereby granted."*

The deed in the Calcasieu case, supra, *"granted, bargained, sold and released"* to the Railroad Company *"a strip of two hundred feet of land over"* etc. In construing the deed in the Gladys City case, supra, this court speaking through Chief Justice Brown, clearly differentiated it from the deed involved in the Calcasieu case, and demonstrated that the deed in the last mentioned case by express language conveyed the 200 foot strip of land, while the deed in the Gladys City case conveyed a mere right-of-way 200 feet wide across certain lands. In the Gladys City case, the court expressly refers to and in effect reaffirms the rule announced in the Calcasieu case, but holds that the same does not apply in the Gladys City case because the deed there involved did not convey the land, but merely a right-of-way.

When we come to apply the rules so ably and exhaustively announced by Judge Stayton in the Calcasieu case and Judge Brown in the Gladys City case, there is no escape from the conclusion that the deed here involved conveys the fee simple title. By its express terms it grants, conveys and releases title not to a right-of-way, but to a strip of land.

■ Counsel for Brightwell et al. earnestly insist that because this deed uses the word *"over"* in describing the thing conveyed, an intent is evidenced to convey only an easement. In other words it is contended that the title *to* land is not conveyed, but merely a right *over* land. We think this contention should be overruled. The identical word is used in the deed construed in the Calcasieu case. That deed says "have granted * * * and by these presents do grant, bargain * * * to Houston and Texas Central Railroad Company, a strip of two hundred feet of land *over* the tracts of land" etc. As before shown that deed was held to convey the fee. The word *"over"* may sometimes mean *"above,"* and in other instances it may mean the *outside of,* but in this instance it clearly means from one side or extremity of grantor's land to the other.

The judgments of the Court of Civil Appeals and District Court should be affirmed.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.