TEXAS CONSERVATIVE OIL CO. v.
THOMPSON et al.

No. 11182.

Court of Civil Appeals of Texas.
San Antonio.

May 13, 1942.

Rehearing Denied June 3, 1942.

Neel, King & Rachal, of Corpus Christi,
for appellant.

E. H. Crenshaw, Jr., of Kingsville, John
C. North, of Corpus Christi, and J. F.
Wolff, Jr., of Houston, for appellee.

NORVELL, Justice.

This is a suit to determine title to that
part of the right-of-way of the St. Louis,
Brownsville & Mexico Railway Company,
extending from the center line of the
railway track to the boundary line of
fractional Section No. 44, George H. Paul
Subdivision of the Driscoll Ranch, Nueces
County, Texas.

Appellant, Texas Conservative Oil Com-
pany, asserts title to an oil, gas and mineral
leasehold estate covering the lands in dis-
pute under a mineral lease executed by the
fee owners of said fractional Section No.
44, who claim under Robert Driscoll, the
common source of title.

Appellee St. Louis, Brownsville and Mex-
ico Railway Company and its trustee, Guy
A. Thompson, claim fee-simple title to the
strip of land involved under and by virtue
of a deed from Robert Driscoll, dated
June 16, 1903. The proper construction
of this deed controls the disposition of this
appeal.

Robert Driscoll executed a second
deed to the Railway Company in 1906, but,
under the circumstances disclosed by the
record, appellant's contention that appel-
lees are estopped from claiming under the
1903 deed can not be sustained. Nesral
Production Co. v. St. Louis, Brownsville
& Mexico Railway Company, Tex.Civ.
App., 84 S.W.2d 805.

The trial court construed the 1903 deed
as conveying a fee-simple title to the Rail-
way Company.

The pertinent parts of the deed from
Robert Driscoll to the Railway Company,
under date of June 16, 1903, are as fol-
lows:

Consideration is $1 and benefits to accrue
"by reason of the speedy construction and
continued operation of the railway through,
under and across the land and pastures now
owned and possessed by me, * * *
grant, sell and convey, unto the said the
St. Louis, Brownsville & Mexico Railway,
all those certain tracts, pieces or parcels
of land, to-wit: (100 feet being 50 feet
on either side center of the track or line)
* * * the said piece, tract or strip of
land one hundred (100) feet in width *is*
*now hereby by me conveyed to said railway*

*company to be held, occupied and used by it as and for its use as a right of way.*

"Also, three (3) several tracts, pieces or parcels of land of twenty (20) acres each * * * in such locality and shape as the same may hereafter be selected and laid off and surveyed by said railway company along its said track and line of railway; the said three (3) tracts of land of twenty (20) acres each, and each of them, are *now hereby by me, conveyed to said railway company to be held, occupied and used by it, as and for its use as depot grounds.*

"To have and to hold * * * for and during such said use, and to its successors, *for and during such said use,* forever. And I do hereby bind myself, my heirs and legal representatives to warrant and forever defend all of the said described land and premises *for and during such said use,* * * * against * * * any and all persons claiming * * * by, through, or under me." (Italics ours.)

■ In our opinion an affirmance of the trial court's judgment is compelled by the decisions of the Supreme Court in Brightwell v. International-Great Northern Railroad Co., 121 Tex. 338, 49 S.W.2d 437, 84 A.L.R. 265, and Texas & Pacific Railway Co. v. Martin, 123 Tex. 383, 71 S.W.2d 867. As the authorities relied upon by appellant are fully discussed in the Supreme Court cases cited, we pretermit further discussion. Rule 452, R.C.P.

The judgment of the trial court is affirmed.