A. J. ROD, Appellant,

v.

Ralph CAMPION et ux., Appellees.

No. 11799.

Court of Civil Appeals of Texas, Austin.

March 10, 1971.

Rehearing Denied March 31, 1971.

Small, Herring, Craig, Werkenthin & Shannon, C. C. Small, Jr., Austin, for appellant.

Allen McMurrey, Bastrop, for appellees.

O'QUINN, Justice.

This lawsuit involves the title and use of a forty-foot strip of land in Bastrop County. The sole question is whether the strip of land has been abandoned by appellant who brought the suit.

A. J. Rod, owner of a tract containing approximately 800 acres of land in Bastrop County, sued Ralph Campion and wife to enjoin them from excluding him from a forty-foot strip adjoining his land and from interfering with his use of the strip of land.

The case was tried to a jury on limitation issues and abandonment. Based on jury findings favorable to the Campions, the trial court entered judgment that Rod take nothing and that the Campions have title to 22.5 acres of land free of any claim by Rod of any title or easement in the tract.

Rod appealed, bringing eleven points of error. Appellees admit error of the trial court under the first eight points with respect to limitations, and concede that " * * * the only question to be answered by this Court is did the jury have sufficient facts to answer Special Issue No. 4 in the affirmative, i. e., did the Appellant abandon the easement over and across the Appellees' lands?"

Appellant contends under his ninth point that the jury's finding of abandonment will not support the judgment because Rod owned the forty-foot strip in fee, not as an easement, and that such title may not be divested by abandonment. Under the last two points appellant contends that there is no evidence to support a finding of abandonment and the court erred in not instructing the jury that mere non-user will not constitute abandonment.

Under the disposition we make of the case, by which we sustain appellant's ninth point and reverse and render the trial court's judgment, we do not reach the last two points of error.

The common source of title to the two tracts of land to which the respective parties hold deeds is a judgment concerning a tract of approximately 1,200 acres entered by the district court of Bastrop County in July of 1917. The judgment awarded John Krueger title to a tract of 800 acres, more or less, and an adjoining strip of land forty feet wide traversing the balance of the 1,200 acres. Title to the balance of the 1,200 acres was awarded under the judgment to Emma Heck.

Appellant has succeeded to the title awarded to John Krueger through a series of conveyances, each of which expressly conveyed the forty-foot strip along with the 800 acre tract.

Emma Heck conveyed about 200 acres of her tract in 1917 to Tom Palla. This conveyance dealt specifically with the forty-foot strip in field notes giving this description:

" * * * Thence south with the east line of said 400 acre tract 1420 varas to the north-east corner of a tract of 800 acres sold to John Krueger; thence west with said Krueger north line 609⁹⁄₁₀ varas to the corner part on the east line of a lane from which a small Blackjack marked X north 79½ east 10²⁄₁₀ varas; thence north with the east line of said lane 844 varas to a point in the center of a branch just above a bridge from which a sycamore 20 inches in diameter 22 varas distant; thence down said ravine with its meandering to its junction with the Colorado River * * *

"Excepting therefrom the part of said lane leading from Krueger pasture beginning at its intersection with the M K & T Railroad and extending south to said ravine or branch at said bridge, said land being 40 ft. wide and now fenced with barb wire fence."

The conveyance from Emma Heck to Palla excluded the greater part of the forty-foot strip in the first portion of the field notes by calling for the east line of the strip (the Heck tract lying west of the strip). The remaining part of the forty-foot strip, between the M K & T Railroad and the ravine where a bridge was located, was excluded from the Heck conveyance to Palla by the last paragraph of the field notes by specific exception. It is this portion of the strip that bisects the Campion tract of approximately 22 acres.

The record shows that Palla conveyed the 200 acres to Mize and Smith in 1925 and used the same description found in the Heck to Palla deed. Mize and Smith sold 66 acres to John Garcia, and Smith conveyed his interest in the balance of the tract to Mize in 1929. Mize sold the 200 acres, excepting by separate clause the 66 acres previously sold to Garcia, to C. M. Lee in 1942, using the identical description found in the Heck to Palla deed. Lee sold 112 acres of the 200 acres to Woodrow Duty, and in 1948 sold the residue of the 200 acres to Monroe Inge, again using the description first used in Heck to Palla, but expanding the exception clauses to exclude the 112 acres sold to Duty, the 66 acres sold to Garcia, and repeating exclusion of the forty-foot strip as described in the deed from Heck to Palla.

Monroe Inge employed the same description and exclusion clauses in conveying to C. K. Wood in 1954, who in May of 1966 conveyed to the appellees under the identical description that excluded the forty-foot strip in 1917 in the deed from Emma Heck to Tom Palla.

Campion testified that Wood, his grantor, mentioned "a easement and all" and that the lawyer who examined the abstract "said there was some mention of a easement."

Rod brought suit in June of 1968, about 25 months after appellees obtained their deed from Wood. Campion testified that no other written document of any kind passed between him and Wood respecting the title to the 22.5 acres and that as far as he knew the deed represented his claim of title to the land.

Appellant Rod acquired title under a succession of deeds, beginning with Krueger, each of which described the principal acreage by metes and bounds and in the same description recited: "also a lane 40 feet wide beginning at a point on North line of said 800 acre tract about 600 vrs. from the N. E. corner of said tract and extending North about 700 vrs. to M. K. & T. Ry. Right-of-Way." The granting clause in the deed to Rod, and in prior deeds, recites that grantors " * * * by these presents do GRANT, SELL and CONVEY unto the said * * * [grantee named] all of their right, title and interest * * * in and to the following described land situated in the County of Bastrop * * *" The habendum clause is in the usual form and refers to "the above described premises", followed by a general warranty as to "the said premises."

■ The deed does not purport to convey an easement only or a right-of-way. It does refer to the forty-foot strip as "a lane" but only as a part of the description itself. Nowhere in the deed is there language stating any purpose or purposes for which the forty-foot strip of land is to be used. There are no words in the deed reducing or debasing what has been granted from a fee title to a mere easement. The deed conveyed to Rod fee simple title to the forty-foot strip. Texas Electric Ry. Co. v. Neale, 151 Tex. 526, 252 S.W.2d 451 (1952), following Calcasieu Lumber Co. v. Harris, 77 Tex. 18, 13 S.W. 453 (1890) and Brightwell v. International-Great

Northern R. Co., 121 Tex. 338, 49 S.W.2d 437, 84 A.L.R. 265 (1932).[1]

Appellees rely upon Jones v. Sun Oil Co., 110 S.W.2d 80 (Tex.Civ.App. 1937, writ ref.), as authority for holding that conveyance of the forty-foot strip to Rod was an easement and not grant of fee simple title. In that case the grantor stipulated, immediately following the description of the land in the deed, that he was " * * * retaining free and unobstructed use of a twelve-foot lane, the entire length of the west side of this tract [100 acres described in the deed] from the East Mountain road to the Seals place." The appellate court rejected the following construction of this clause placed on it by grantor: "Save and except a strip of land either twelve feet wide, or a strip varying from twenty-seven to thirty-two feet, off the West side to which grantor retains fee simple title."

The court said of this construction: "But the clause is not so written, and such is not, in our opinion, its natural sense. To give this instrument the meaning that grantor was retaining a fee-simple title to the strip requires a complete change in the form of its expression. Grantor retained a free and unobstructed use of a twelve-foot lane and went further to describe what this lane connected up with." (110 S.W.2d 80, 83, col. 1).

The facts show, as reflected by the court's opinion, that grantor in Jones v. Sun Oil Co. did not specify retention of "a fee simple title," as appellees state, but expressly retained only "free and unobstructed use of a twelve-foot lane." That case does not hold as appellees contend and is not in point.

It is settled that the ownership of vested title in land, as in this case a fee simple title, may not be divested by abandonment. Such may have been possible in Texas prior to adoption of the common law in 1840, but since that time abandonment of title is not recognized. Harris v. O'Connor, 185 S.W.2d 993 (Tex.Civ.App. 1944, writ ref. w. o. m.); Forman v. Glasgow, 219 S.W.2d 845 (Tex.Civ.App.1949, no writ). See also 4 Lange Tex. Land Titles, sec. 406, and cases there cited.

We sustain appellant's ninth point that it was error for the trial court to render judgment for appellees on the basis of the jury's answer to Special Issue No. 4, by which the jury found appellant had abandoned the forty-foot strip, because an affirmative answer to the issue will not support the judgment.

Appellant Rod sought injunctive relief in district court, and evidence was adduced that the Campions were resisting use of the forty-foot strip by Rod on that portion of the strip bisecting the Campion 22.5 acres. The trial court denied appellant all relief. Appellant prays on appeal that appellees be restrained from excluding him from the forty-foot strip or interfering with his use of the land.

We reverse the judgment of the trial court and proceed to render such judgment as the court below should have rendered. Texas Rules Civ. Pro. 434; Guerra v. McClellan, 243 S.W.2d 715 (Tex.Civ.App. 1951, no writ). We render judgment that appellees Ralph Campion and wife, Joyce Campion, be restrained from excluding appellant, A. J. Rod, his agents, servants, or employees from the forty-foot strip de-

1. For later decisions by the Supreme Court, recognizing "a line of demarcation between decided cases," but not rejecting the rule of *Neale, Calcasieu,* and *Brightwell,* see Haines v. McLean, 154 Tex. 272, 276 S.W.2d 777 (1955); Reiter v. Coastal States Gas Producing Co., 382 S.W.2d 243 (Sup.Ct.1964); Rio Bravo Oil Company v. Hunt Petroleum Corporation, 455 S.W.2d 722 (Sup.Ct.1970). The rule was applied in Millmen Union v. Missouri-Kansas-Texas R. Co., 253 S.W.2d 450 (Tex.Civ.App.1952, writ ref. n. r. e.) and in Hidalgo County v. Pate, 443 S.W.2d 80 (Tex.Civ.App.1969, writ ref. n. r. e.).

scribed in the deeds and from interfering with appellant's use of such strip of land.

Judgment reversed and rendered.

Reversed and rendered.

SHANNON, J., not sitting.