**BILL McDAVID OLDSMOBILE, INC., Appellant,**

v.

**Daniel J. MULCAHY, Appellee.**

**No. 16620.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 5, 1976.

James H. Lehmann, Jr., Houston, for appellant; Woodard, Hall, McCrory, Henry & Primm, Houston, of counsel.

Donald G. Ritter, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from the judgment granting revocation of the acceptance of an automobile purchased by the plaintiff, Daniel J. Mulcahy, from the defendant, Bill McDavid Oldsmobile, Inc., and awarding damages. The case was tried to a jury and the trial court entered judgment on the jury verdict. The judgment will be reversed.

The plaintiff brought suit against the defendant, an automobile dealer franchised by General Motors Corporation, and against General Motors Corporation. He alleged that he purchased a new Oldsmobile automobile from the defendant dealer and was issued a new vehicle warranty providing that the car and chassis including all equipment and accessories (except tires) supplied or manufactured by Oldsmobile was warranted to be free from defects in material and workmanship under normal use and service.

He alleged that the battery was cracked and that the defendant dealer refused to repair or replace the defective battery as required by the warranty. Plaintiff alleged damage in the amount of $2,453.00 which appears to be the amount he paid for the car less the amount the car sold for on foreclosure.

The jury found that the dealer issued plaintiff the manufacturer's new car warranty; that the new vehicle warranty was a material inducement for the purchase of the automobile; that the battery with which the car was equipped was defective as the result of poor material or poor workmanship in the manufacturing thereof; that the dealer refused to replace the defective battery; that at the time he left the automobile in question with the dealer he reasonably believed that the defendant would refuse to perform future warranty service on said automobile; and that as a result of the refusal of the dealer to replace the battery in question the plaintiff suffered damage in the sum of $1,383.00.

The defendant made a motion for judgment non obstante veredicto asserting that there was no evidence to support the jury's answers to Special Issues 2 through 6 and that Special Issue 6 provided for an improper measure of damages. The motion was denied and judgment was entered against the defendant in the amount of $1,383.00.

The plaintiff testified that within three months of the purchase of the car and after it had been driven approximately 3,500 miles he experienced some trouble with the Delco battery. He stated that the battery had to be filled with water every time he filled the car with gasoline, and that acid

was leaking from the battery onto his driveway. He testified that the car had not been in an accident, the battery was well secured in the car, the battery never froze, and that he had it checked regularly. He testified that while he could not see a crack he thought the battery was cracked. There is no other testimony concerning the reason the acid leaked out, or that the battery was in fact cracked due to a defect in workmanship or material.

■ The defendant contends that the evidence is insufficient to support the jury's finding that the battery in question was defective as the result of poor material or poor workmanship in the manufacturing thereof. There was sufficient circumstantial evidence to sustain this jury finding.

■ The defendant contends that there is no evidence to support the amount of damages awarded to plaintiff by the jury. As a rule the measure of recovery for a breach of contract is the pecuniary loss suffered by reason of the breach, which is shown to have been within the contemplation of the parties at the time they made the contract. 17 Tex.Jur.2d, Damages, Sec. 58. Under the facts of this case the only damage which the plaintiff suffered as a result of the failure of the dealer to replace the defective battery, which can be said to have been within the contemplation of the parties at the time the contract was made, is the cost of replacing the battery. There is no evidence in this record to establish such cost. The defendant's point of error is sustained.

The plaintiff alleged that the issuance of the new vehicle warranty to plaintiff by "defendants" was a material inducement to plaintiff to purchase the vehicle and that had he known the warranty would not be honored he would not have purchased the vehicle. He alleged that the refusal by defendants to honor the warranty was a repudiation and breach of the sales contract; that he immediately tendered the vehicle back to the dealer and demanded the return to him of the money he paid for the vehicle. He alleged that he paid $5,953.00 for the automobile and that the value of the automobile immediately after the repudiation and breach of the sale agreement by the defendants was $3,500.00, resulting in damage to plaintiff in the sum of $2,453.00.

At this point we note that the new vehicle warranty specifically provides that:

"Oldsmobile Division, General Motors Corporation, the manufacturer (herein referred to as 'Oldsmobile'), warrants to the original retail purchaser each new 1969 model Oldsmobile passenger car and chassis . . . to be free from defects in material and workmanship under normal use and service . . ."

The written warranty, therefore, is that of General Motors. The trial court instructed a verdict in favor of General Motors and plaintiff makes no complaint of his action in that regard.

While the dealer delivered the manufacturer's warranty to the purchaser, the original written sales agreement provides:

"I hereby agree to purchase and by this agreement do purchase the automobile described below, according to the terms hereof, and acknowledge receipt of said automobile. It is expressly agreed that there are no warranties, expressed or implied, made by either the dealer or the manufacturer other than the manufacturer's warranty against defective materials as stated in the Oldsmobile Owner's Manual."

Prior to the adoption of the Texas Business & Commerce Code in 1967, it was settled in Texas that in the absence of fraud or an agreement allowing the property to be returned to the seller, rescission for breach of warranty could be availed of by the purchaser only where the identity of the article was involved and it proved to be something other than that which was purchased or where such article was wholly worthless for the purpose for which it was sold. *Mathis Equipment Co. v. Rosson*, 386

S.W.2d 854 (Tex.Civ.App.—Corpus Christi, writ ref'd n. r. e.); *Wright & Clark v. Davenport*, 44 Tex. 164 (1875). Here it is established that a specifically identified article of personal property was appropriated to the contract of sale by the parties and that the plaintiff accepted same. The title to said machine, therefore, passed to appellee and the contract became executed. *Mathis Equipment Co. v. Rosson*, supra.

The evidence shows that the plaintiff paid to the dealer the full cash purchase price, accepted the automobile, and used it for some three months prior to tendering it back to the dealer. The action of the trial court in granting rescission and damages must be supported, if at all, on the provisions of the Texas Business & Commerce Code.

Section 2.608, Texas Bus. & Com.Code[1], reads:

"(a) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it

(1) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or

(2) without discovery of such non-conformity if its acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

". . ."

Sec. 2.711 of the Code provides:

"(a) Where the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved and with respect to the whole if the breach goes through the whole contract (Section 2.612), the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as has been paid . . ."

Section 2.316, Texas Business & Commerce Code, provides in subparagraph (b) as follows:

"Subject to Subsection (c), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'there are no warranties which extend beyond the description on the face hereof.'"

Section 2.106 of the Business & Commerce Code provides:

"(a) . . .

"(b) Goods or conduct including any part of a performance are 'conforming' or conform to the contract when they are in accordance with the obligations under the contract.

"(c) . . .

"(d) 'Cancellation' occurs when either party puts an end to the contract for breach by the other and its effect is the same as that of 'termination' except that the cancelling party also retains any remedy for breach of the whole contract or any unperformed balance."

Section 1.106, Business & Commerce Code, provides:

"(a) The remedies provided by this title shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential or special nor penal damages may be had except as specifically provided in this title or by other rule of law."

Since in this case the contract of sale was complete, and the buyer had received title and possession of the automobile, the plain-

---

1. All citations unless otherwise shown are to Vernon's Texas Codes Annotated, Business & Commerce.

tiff's right to tender back the automobile and demand return of the purchase price depends upon whether or not he justifiably revoked acceptance of the automobile. Section 2.711, supra. Section 2.608 of the Code authorizes the buyer to revoke his acceptance of goods whose nonconformity substantially impairs its value to him where he has accepted it without discovery of such nonconformity because of the difficulty of discovery before acceptance. Goods conform to the contract when they are in accordance with the obligations under the contract.

■ The contract between the dealer and the plaintiff was for the purchase and sale of an automobile. The written contract provided that there are no warranties express or implied made by either the dealer or the manufacturer other than the manufacturer's warranty against defective materials. We find no evidence to support an implied finding by the trial court that the dealer made any express warranty. The delivery of the manufacturer's warranty to the purchaser by the dealer does not make the dealer a party to that instrument.

Language found in the contract of sale[2], is sufficient to exclude all warranties by the dealer except the implied warranty of merchantability. Sec. 2.316, Tex.Bus. & Com. Code. The agreement concerning warranties found in the contract of sale does not eliminate the implied warranty of merchantability in the manner required by said section. The words may be construed to mean that there are no warranties expressed or implied made by the dealer and that the warranty made by the manufacturer is as stated in the Oldsmobile Owner's Manual. The Oldsmobile Owner's Manual is not in evidence. The language of the new vehicle warranty which was introduced into evidence plainly states that the warranty is made by the Oldsmobile Division of General Motors Corporation. There is evi-

dence that at the time the title to the automobile passed to the purchaser said automobile was defective. The jury found the battery to be defective as a result of poor materials or poor workmanship. A breach of the implied warranty of merchantability is established. Sec. 2.314, Tex. Bus. & Com.Code. The car does not "conform to the contract." Sec. 2.106, Tex.Bus. & Com.Code. There is no evidence that the non-conformity substantially impaired the value of the car to plaintiff as the law requires before the plaintiff can revoke his acceptance of the car and recover the price paid. Sec. 2.608, supra. His remedy was an action for damages, and he failed to present evidence to support an award based on a proper measure of damages, i. e., the value of the automobile in its non-conforming condition at the *time* and place of acceptance. Sec. 2.714, Tex.Bus. & Com.Code.

The judgment of the trial court is reversed and judgment is here rendered that the plaintiff, Daniel J. Mulcahy, take nothing.

**2.** "It is especially agreed that there are no warranties, expressed or implied, made by either the dealer or the manufacturer other than the manufacturer's warranty against defective materials *as stated in the Oldsmobile Owner's Manual.*" (emphasis added)