Strafford
No. 7903

JERRY COLLELLA

v.

BERANGER VOLKSWAGEN, INC.
AND
TRAVOY CORPORATION

May 17, 1978

*Fisher, Parsons, Moran & Temple,* of Dover (*Edward T. Clancy* orally), for the plaintiff.

*Arthur W. Hoover,* of Rochester, by brief and orally, for the defendant Beranger Volkswagen, Inc.

LAMPRON, J.    This is an action in which plaintiff seeks to recover damages for breach of warranty. The defendant manufacturer, Travoy Corporation, defaulted below. Trial by the Superior Court (*Loughlin,* J.) resulted in a verdict for the plaintiff in the amount of $6,082.63. Defendant seller, Beranger Volkswagen, excepted to the findings of the court and the granting of certain requests. All questions of law were reserved and transferred by *Loughlin,* J. We affirm.

In January 1974, the plaintiff purchased a new motor home from the defendant Beranger Volkswagen, which was an authorized dealer of Travoy Motor Homes. Defendant Travoy Corporation, has since filed a petition in bankruptcy. At the time of the purchase the plaintiff received a Travoy Motor Home Certificate of New Vehicle Warranty. This document warranted that various parts of the motor home were free from defects in workmanship and materials for twelve months or twelve-thousand miles, whichever occurred first. The warranty contained various conditions, limitations, and exclusions. At the end of the warranty, in bold print, was the following statement:

THIS WARRANTY IS EXPRESSLY IN LIEU OF ANY OTHER WARRANTIES, EXPRESS OR IMPLIED, IN-CLUDING ANY IMPLIED WARRANTY OF MER-CHANTABILITY OR FITNESS FOR A PARTICULAR USE OR PURPOSE OR OF ANY OTHER OBLIGATION OR LIABILITY ON THE PART OF TRAVOY.

The motor home immediately developed problems, including a leaking roof due to an incorrect design, rotting due to water leakage, damage to the rear end, buckling of the roof, defects in the pipes in the vehicle, and the motor seizing up solid within the first year of operation. Both defendants were contacted on various occasions to make repairs. Despite efforts to repair the vehicle, the problems continued and the plaintiff now seeks recourse for breach of warranty.

The trial court found that defendant Beranger Volkswagen had not expressly warranted the motor home, but that an implied warranty of merchantability under RSA 382–A:2–314 arose out of the transaction. The court further found that Beranger Volkswagen had not disclaimed the implied warranty of merchantability under RSA 382–A:2–316, and was therefore liable. Beranger Volkswagen contends on this appeal that because the sales contract contained the manufacturer's disclaimer, the dealer-seller should be allowed to ride the coattails of this disclaimer to avoid liability.

Beranger Volkswagen fails to realize that a transaction such as the one at hand involves three distinct relationships: a contractual relationship between the manufacturer and the dealer, a warranty relationship between the manufacturer and the consumer, and the contractual relationship between the dealer and the consumer. Each of these relationships must be viewed separately in order to determine the liabilities of the parties.

The particular relationship involved here is the one between the dealer and the customer. When RSA 382–A:2–314 applies, as in this case, there arises by operation of law a warranty that the goods, such as this motor home, will be merchantable. *Frederick v. Dreyer*, 257 N.W.2d 835 (S.D. 1977); *see Elliot v. Lachance*, 109 N.H. 481, 256 A.2d 153 (1969). This warranty exists unless it is excluded by the parties to the contract in accordance with RSA 382–A:2–316. J. White, R. Summers, Uniform Commercial Code §§ 9–6, 12–5 (1972). The disclaimer in this case was specifically designed to limit the warranty liability of the manufacturer, but makes no mention of the dealer. The defendant Beranger Volkswagen has therefore failed to disclaim the implied warranty of merchantability, and is liable in accordance with the lower court's opinion and award of damages.

*See Matthews v. Ford Motor Co.,* 479 F.2d 399 (4th Cir. 1973); *Bill McDavid Oldsmobile, Inc. v. Mulchahy,* 533 S.W.2d 160 (Tex. Civ. App. 1976); *Shofner v. Williams & Pearson Furniture Co., Inc.,* 8 UCC Rep. 48 (Tenn. Ct. App. 1970); R. Nordstrom, Law of Sales §§ 75, 76 (1970).

*Exceptions overruled.*

All concurred.